# LENORE A. WIEDEMANN v. HENRY E. WIEDEMANN.[1]

April 1, 1949.

No. 34,798.

[1]Reported in 36 N. W. (2d) 810.

*C. A. (Gus) Johnson,* for appellant.
*Dell, Rosengren & Rufer,* for respondent.

MATSON, JUSTICE.

Appeal from a denial of a motion for the disqualification of the presiding judge on the ground of alleged bias and from an order denying plaintiff's motion for modification of a divorce decree to effect a transfer of the custody of a minor child from the defendant father to the mother, the plaintiff herein, and for an allowance of attorneys' fees and costs.

The divorce decree awarding custody of the minor child to the father was entered December 8, 1945. On October 29, 1947, present counsel for plaintiff, who did not represent her in the main action, applied to the judge who had tried the matter for an order directing defendant to show cause why the custody of the child should not be changed from the father to the mother. This order to show cause was issued on October 29, 1947, by the judge and immediately mailed to plaintiff's counsel with a letter stating:

"I have made the order to show cause * * * returnable on November 29th but *I shall not be able to hear the matter until a later date.*" (Italics supplied.)

The letter advised counsel that the hearing would probably not be held until Christmas.

On November 6, 1947, plaintiff's counsel wrote to the court as follows:

"My client, Mrs. Wiedemann, states that she feels that you have preconceived ideas as to the custody of the child and she also states that her former husband has 'bragged' about the friendship between you and him, and that you have visited his farm."

In this letter counsel, upon the request of his client, suggested that another judge should hear the matter.

In reply, the court on November 10, 1947, in substance advised plaintiff's counsel by letter that there was no merit in plaintiff's request, and that counsel, if he had any motions to make, should make them and the court would rule on them as it deemed proper. On November 13, 1947, counsel again wrote the court:

"I am in a dilemma as my client insists that another Judge hear the case. I do not want to file an affidavit of prejudice. Would you not kindly consent to having the matter before another Judge? This would save me considerable embarrassment."

Plaintiff's motion and order to show cause came on for hearing January 3, 1948. At the very opening of the hearing, plaintiff's counsel presented an affidavit of prejudice properly executed by his client and moved the court for a transfer of the hearing to another judge. The motion was denied.

M. S. A. 542.16, in clear language that cannot be misunderstood, insofar as here pertinent, provides:

"Any party, or his attorney, to a cause pending in a district court, on or before ten days prior to the first day of a general, or five days prior to a special, term thereof, or, *in any district having two or more judges, within one day after it is ascertained which judge is to preside* at the trial or hearing thereof, or *at the hearing of any motion, order to show cause,* or argument on demurrer, *may make and file with the clerk of the court in which the action is pending and serve on the opposite party an affidavit* stating that, on account of prejudice or bias on the part of such judge, he has good reason to believe, and does believe, that he cannot have a fair trial or hearing thereof, and *thereupon such judge shall forthwith, without any further act or proof, secure some other judge* of the same or another district *to preside at the trial of such cause* or the hearing of the motion, demurrer, or order to show cause, and shall continue the cause on the calendar, until such judge can be present." (Italics supplied.)

■ According to the tenure of counsel's letter to the court under date of November 13, 1947, approximately six weeks before the hearing was held, he indicated that it would be embarrassing to file an affidavit of prejudice. We can find no justification for embarrassment resulting either to counsel or to the court from the filing of an affidavit of prejudice other than a fundamental misconception of the principle which governs in disqualifying a judge. The controlling principle is that no judge, when other judges are available, ought ever to try the cause of any citizen, *even though he be entirely free from bias in fact,* if circumstances have arisen which give a bona·fide appearance of bias to litigants. Payne v. Lee, 222 Minn. 269, 24 N. W. (2d) 259. It is to be remembered that in the overwhelming majority of cases, where a judge is disqualified for prejudice, no prejudice in fact exists, but merely certain circumstances which lead a litigant sincerely to believe that bias is present.

"* * * In the administration of justice it is not only requisite that a judge should be honest, unbiased, impartial and disinterested in fact, but equally essential that all doubt or suspicion to the contrary should be jealously guarded against and eliminated. *Not only is it the duty of a judge to render a righteous judgment but it is of transcendent importance to the litigants and the public generally that there should not be the slightest suspicion as to his fairness and integrity."* (Italics supplied.) People ex rel. Union Bag & Paper Corp. v. Gilbert, 143 Misc. 287, 288, 256 N. Y. S. 442, 444, affirmed, 236 App. Div. 873, 260 N. Y. S. 939.

A litigant, though mistaken in fact, may conceivably assert with sincerity that he has good reason to believe, and does believe, that a judge is biased, and when he so believes his cause should be heard before another judge, if for no other reason than that confidence in the impartial administration of justice is essential to the preservation of any democratic government. When the impartiality of a judge is questioned, he need assert no defense of his judicial integrity other than a ready willingness to leave the trial of the cause to another jurist.

 We have heretofore, in Payne v. Lee, 222 Minn. 269, 24 N. W. (2d) 259, emphasized the importance of safeguarding, *both in fact and appearance,* the constitutional right to a fair and impartial trial. The preservation of this constitutional right is the positive duty of the lawyer, but *with that duty goes an obligation*— as an officer of the court—*to assert such right in a timely manner* so as not to delay needlessly the orderly administration of justice. Certain fundamental rights may be waived by a failure to exercise reasonable diligence in asserting them. Section 542.16 prescribes for the district court a standard of timeliness for the filing of affidavits of prejudice that is so reasonable that it might well be applied to all courts. This standard gives the litigant an ample, if not a generous, amount of time in which to file his affidavit, and at the same time gives the trial judge reasonable notice of his disqualification so that he may summon another jurist and devote himself, without loss of time, to other litigation. Opposing counsel is also entitled to reasonable notice so that he may conserve his time and avoid calling witnesses unnecessarily. Furthermore, reasonable time limitations upon the filing of an affidavit of prejudice are necessary in order to prevent this remedy from being used, deliberately or inadvertently, as a means for needlessly delaying the prompt adjudication of a cause. In the absence of fraud or other controlling circumstance which prevents a lawyer from filing an affidavit of bias within the statutory period, or which justifiably misleads him into not doing so, a tardy filing of the affidavit is ineffective unless the purpose of the statute has otherwise been substantially satisfied. A statute prescribing the manner in which a constitutional right may be asserted—such as a statute governing the disqualification of a judge for bias—is to be given a liberal construction to avoid a sacrifice of that right on the altar of technicality.

"Disqualifying statutes should not receive a technical or strict construction but should be interpreted liberally. No judge should preside in a case in which he is not wholly free, disinterested, im-

partial and independent. This great principle should not be given a limited and restricted interpretation but should be broadly applied to all classes of cases where a judicial officer is called upon to decide between conflicting rights." People ex rel. Union Bag & Paper Corp. v. Gilbert, 143 Misc. 289, 256 N. Y. S. 444.

Although plaintiff's counsel, without reasonable justification, failed to comply with the time limitations of § 542.16, the fundamental requirements of these statutory provisions were otherwise substantially satisfied by reason of the letters passing from counsel to the court fully six weeks in advance of the hearing. These letters amounted to a written certification by one of the court's own officers that plaintiff sincerely desired to disqualify the presiding judge for bias. (It is to be noted that counsel himself could have executed a formal affidavit.) Reasonable notice was thereby given to the court. Although no notice was given to opposing counsel, there is nothing in the record to show that they would have been materially inconvenienced by a delay resulting from a transfer of the matter to another judge. Furthermore, the motion was heard on affidavits, which meant that no witnesses were inconvenienced. Under the facts herein, the statutory requirements were substantially satisfied otherwise than by a timely filing of an affidavit of prejudice, and the court should have assigned the matter to another judge for adjudication.

■ A court rule of the seventh judicial district provides that proceedings to modify a decree of divorce shall be heard by the judge upon whose order the decree was entered. The rule is excellent, but has no application where such judge is disqualified by the filing of an affidavit of prejudice.

Under the circumstances, it is unnecessary to consider other issues.

The order of the trial court is reversed with directions that a new hearing on the notice of motion and order to show cause be held before another judge.

Reversed.

THOMAS GALLAGHER, JUSTICE (concurring specially).

I concur in what has been said in the majority opinion. I believe further that there is an absence of anything in the record which would sustain the trial court's order withholding custody of this child from her mother. The findings in the original action specify no misconduct on the part of the mother and make no finding as to her unfitness. It may be concluded therefrom that the child's custody was awarded to the father simply because of the mother's health and inability to provide a home for her child at that time.

At the time of the hearing on the present motion, the mother had regained her health and presented facts establishing that she was then able to provide a good home for her child. Under such circumstances, I am of the opinion that the trial court abused its discretion in refusing to modify its previous order and in failing to direct that the child's custody be returned to her mother. See, Johnson v. Johnson, 223 Minn. 420, 27 N. W. (2d) 289; Menke v. Menke, 213 Minn. 311, 6 N. W. (2d) 470; Eberhart v. Eberhart, 149 Minn. 192, 183 N. W. 140; McDermott v. McDermott, 192 Minn. 32, 255 N. W. 247; Kaehler v. Kaehler, 219 Minn. 536, 18 N. W. (2d) 312.

LORING, CHIEF JUSTICE (concurring specially).

I agree with the views of Mr. Justice Thomas Gallagher.

FRANK T. GALLAGHER, JUSTICE (concurring specially).

I agree with the views of Mr. Justice Thomas Gallagher.

MAGNEY, JUSTICE (concurring specially).

I concur in what has been said in the majority opinion, but I also believe that the affidavit was filed within the statutory time.

M. S. A. 542.16, concerning affidavits of prejudice, has already been quoted. Because of my opinion as to its application to the facts, it will, for convenience, be requoted. It reads:

"Any party, or his attorney, * * * in any district having two or more judges, within one day after it is *ascertained* which judge is to preside * * * may make and file * * * an affidavit * * *." (Italics supplied.)

If plaintiff or her attorney did not ascertain which judge was to preside until the time they appeared in court, the affidavit was filed within the required time. The dictionary definition of the word "ascertain" involves the idea of certainty. The word itself is kin to "certain." In the last letter in the series which passed between plaintiff's counsel and the court prior to the hearing, counsel wrote:

"I am in a dilemma as my client insists that another Judge hear the case. I do not want to file an affidavit of prejudice. Would you not kindly consent to having the matter before another Judge? This would save me considerable embarrassment."

The question set out in the letter was not answered by the court. Since there are three other judges in the district, plaintiff's counsel could reasonably expect, in view of the situation, that another judge would be asked to hear the motion. There being no answer from the court, in writing or otherwise, plaintiff's counsel had a right to assume that when he appeared in court the answer would be favorable and that his request would be granted. An uncertainty existed. Until the matter was called for hearing, counsel could not possibly be certain that it would be heard before Judge Wilson. In my opinion, the affidavit was filed within the statutory time.

KNUTSON, JUSTICE (concurring specially).
I agree with the views of Mr. Justice Magney.