**MOELATA SAUAFEA of Aua and KUPA of Aua, Plaintiffs**

**v.**

**FILIPO of Aua, Defendant**

# No. 18-1949

# High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai Name: "Liufau" of Aua]

# June 28, 1949

A. A. MORROW, *Chief Justice.*

DECISION

Heard at Fagatogo June 23, 1949.
Meauta for Moelata Sauafea; Pele for Filipo; Kupa *pro se.*

MORROW, *Chief Justice.*

The right of succession to the matai name Liufau of Aua, formerly held by Liufau Filiga now deceased, is to be determined in this proceeding. Filipo filed his application to be registered as the holder of the title. Moelata Sauafea and Kupa filed objections to this proposed registration, each becoming a candidate for the name.

Judges Muli and Nua, who were assigned to participate in the decision, informed the writer of this opinion that many years ago they were related by marriage to certain members of that branch of the Liufau family of which Sauafea is a member. They felt since such relationships by marriage had long since terminated through the death of certain members of the Sauafea branch that they had no actual bias in his favor. However, they withdrew from the case because of the appearance of possible bias. This

478

was the proper judicial practice under the circumstances. In the case of *Wiedemann v. Wiedemann*, 36 N.W.2nd 810, 812 decided by the Supreme Court of Minnesota on April 1, 1949, Mr. Justice Matson speaking for the court said: "The controlling principle is that no judge, when other judges are available, ought ever to try the cause of any citizen, *even though he be entirely free from bias in fact*, if circumstances have arisen which give a bona fide appearance of bias to litigants."

█ The eligibility requirements for holding a matai title are prescribed by Sec. 926 of the Code, as amended by Amendment No. 1-1949. As amended the Section reads:

"No person not having all the following qualifications shall be eligible to succeed to any matai title:

(a) Must be at least one-half Samoan blood;

(b) Must have resided continuously within the limits of American Samoa for five years either immediately preceding the vacancy of the title, or before he becomes eligible for the title;

(c) Must live with Samoans as a Samoan;

(d) Must be a descendant of a Samoan family and chosen by his family for the title;

(e) Must have been born on American soil, except persons born of parents of Samoan blood who are (1) inhabitants of American Samoa, (2) but temporarily residing outside of American Samoa, or engaged in foreign travel at date of birth of such child, and (3) whose matai at any time within 13 years after the birth aforementioned files with the Registrar of Titles a sworn declaration that such child born outside of American Samoa now resides in American Samoa and desires such child to be an inhabitant of American Samoa."

█ Candidate Kupa was born in Western Samoa. He was not registered by his matai as an inhabitant of American Samoa so as to comply with the provisions of subdivision (e) of the above Sec. 926. During the hearing he became aware of his ineligibility to hold a matai title and withdrew his candidacy.

■ During the course of the hearing it appeared that candidate Filipo, who is a member of the Fita Fita Guard, for two and a half weeks in 1947 had gone to Hawaii, as a member of a soft-ball team of that organization, in order to participate in certain athletic events there. Inasmuch as he intended to return to his home in American Samoa at all times while he was in Hawaii and continued to regard his home as being in American Samoa during his merely temporary absence he did not become ineligible to hold a matai title. We think that Sec. 926(b) requiring continuous residence in American Samoa for five years preceding the vacancy in the title, or before the candidate becomes eligible to hold the title means having a domicil in American Samoa for the required time. "A mere temporary presence in a place for purposes of pleasure, health or business does not affect domicil. Thus domicil is not affected when one goes to another residence for a temporary reason, leaving his family behind at his home. So a temporary residence at another place while a new dwelling house is being built, does not change domicil." 1 Beale on Conflict of Laws, p. 163.

■ The Court finds from the evidence that candidates Filipo and Sauafea meet all the requirements of Sec. 926 as amended and are each eligible to succeed to a matai title.

Sec. 933 of the Code provides that:

"In the trial of matai name cases, the High Court shall be guided by the following in the priority listed:

(a) The wish of the majority or plurality of the family;

(b) The forcefulness, character, personality and capacity for leadership of the candidate;

(c) The best hereditary right in which the male and female descendants shall be equal in the family where this has been customary, otherwise, the male descendant shall prevail.

(d) The value of the holder of the matai name to the Government of American Samoa."

480

■ Candidates Sauafea and Filipo filed petitions purporting to be signed by various members of the Liufau family in support of their respective candidacies. There were 183 names on Filipo's petition and 136 on Sauafea's. By mistake counsel stated at the hearing that there were 174 on Filipo's and 121 on Sauafea's. Filipo admitted that the name of Herbert Scanlan should not be on his. There are 10 names of members of the Leger family of Nukualofa on Filipo's petition the purported signatures of which the merest inspection shows to be in the same handwriting. Sauafea objected to the inclusion of these names in determining the wish of the majority of the family. The objection is well taken. And there are 9 other signatures (presumably of members of the Leger family) which are obviously in the same handwriting. They should not be counted. And on Filipo's petition there are the names of Taimilo, age 21, Vasaki, age 19, Gatula, age 25, Tamala, age 15, Mulu, age 25, Tala, age 22, all of whom purport to sign by their marks. An inspection of the petition shows without a doubt that their names were written by the same hand. That these 6 young people ranging in age from 15 to 25 could not write their own names is ridiculous. Their names should not be counted. Vaimoa T., age 27 from Ofu, Tumusa, age 25 from Upolu, Maele, age 23 from Ofu and Toelau, age 20 from Ofu also purport to sign by their mark. Their names were obviously written on the petition by the same hand. That these 4 people ranging in age from 20 to 27 could not write their own names is likewise ridiculous, and their names should not be counted. Sauafea objected to 51 other names on Filipo's petition, claiming that 42 of them were names of persons who were not members of the Liufau family and that the names of 9 others were names of descendants of Liufau Mativa who are not entitled to participate in determining who shall hold the

particular Liufau title involved in this case. There are two Liufau titles.

■ The evidence with regard to the 42 claimed not to be members of the Liufau family was in serious conflict. The court believes, however, that it clearly preponderates in favor of the view that the said 42 are not members of the family and it so holds. It further holds that the 9 signers on Filipo's petition who are descendants of Liufau Mativa have no right to participate in the selection of the holder of the title Liufau involved here and that they should not be counted. There were 4 names which were on both petitions. The Court will not count them for either candidate in determining the wish of the majority of the family. There are thus, a total of 85 names on Filipo's petition which cannot be counted. The deduction of this number from the 183 leaves 98 which may be counted.

The question "Do you object to any names on Sauafea's petition on the grounds that they are not members of the Liufau clan?" was put to Filipo while on the witness stand. He answered "No." The evidence showed that 7 names on Sauafea's petition were in the same handwriting. Filipo objected to the inclusion of these names in the final count. The objection is well taken. Also one person signed his name twice on Sauafea's petition. One of his signatures cannot be counted. Sauafea admitted that 4 other signatures on his petition were not genuine. These cannot be counted. Nor shall the court, as heretofore stated, count the 4 names of those who signed both petitions. There are thus a total of 16 names on Sauafea's petition which cannot be considered in determining the wish of the majority of the family. The deduction of these 16 from the 136 names on his petition leaves 120 which may be counted, as against 98 on Filipo's. Sauafea prevails over Filipo on the issue of the wish of the majority or plurality of the family.

Filipo completed eight grades in school and speaks English. He is 29 years of age. Filipo is a member of the Fita Fita Guard with an income of $112.00 per month. Prior to his enlistment in the Fita Fita Guard in 1943 he worked as a surveyor's assistant and also as a stevedore. He has plantations.

Sauafea completed the fourth grade in school and speaks a little English. At one time he was a member of the Fita Fita Guard but was given an undesirable discharge from that organization. He testified that the discharge grew out of an argument with one Goodall. There was no other evidence concerning the circumstances which resulted in his discharge. Several years ago he committed an assault and battery upon a woman in Aua and ran afoul of the law. He testified that he spanked the woman "as all matais do for small children. That is the matai's duty according to Samoan custom. He should give a lesson to that boy or girl but never take him into court." During part of the war period Sauafea worked as a boss of stevedores. He was also the foreman of a road gang for the Contractors during the early part of the war. He has an income of about $50.00 per month from the sale of Samoan curios which he makes. He is 39 years old. Sauafea has been a lesser matai in the Liufau family for 11 years. He is well versed in Samoan tradition. Due to his maturity and experience as a matai we think that his capacity for leadership is superior to that of Filipo. The court had an opportunity to observe the personality and forcefulness of the two candidates during the course of the hearing, and finds that Sauafea is slightly superior to Filipo with respect to these two matters. On the other hand the evidence shows that Filipo's character is better than Sauafea's. The court concludes from the evidence and its observation of the two candidates at the hearing that they are substantially on an equality with respect to the second issue.

Filipo is the son of Liufau Filiga. Sauafea is the son of Liufau Mulitalo. Each candidate therefore has half Liufau blood in his veins. It follows that they are on a parity with respect to the issue of hereditary right.

█ The court finds from the evidence that Sauafea will be more valuable to the Government of American Samoa as the holder of the Liufau title than will Filipo. It is believed that he will be better able to get the family to live together in peace and harmony. Filipo's branch of the family has held the title for many years. When a Samoan family selects a matai itself, it frequently passes the title from branch to branch as a matter of fairness. This promotes harmony in the family. The court has the petitions of both candidates which it has examined, and finds that a majority of the members of the family living in Aua desire Sauafea to be their matai. The members of Liufau family living in other villages of course live in other families. Those living in Aua will be most concerned about who is named as the holder of the title. It is our conclusion that Moelata Sauafea largely as a result of his experience as a matai and capacity for leadership will be better able to weld the family into a happy unit than will Filipo. Sauafea will devote much more time to family affairs than will Filipo who testified that it was his intention to continue in the Fita Fita Guard.

█ In view of the findings that Moelata Sauafea prevails over Filipo on the first and fourth issues and is on a parity with him with respect to the second and third issues it follows that Moelata Sauafea should be awarded the title Liufau, subject to his resignation from the title Sauafea. We have heretofore held that a man cannot hold two matai titles at the same time. *Kosi et al. v. Viliamu*, No. 77-1948 (Am. Samoa); *Fega v. Eveni*, No. 83-1948 (Am. Samoa); *Aufata v. Falemalu*, No. 95-1948 (Am. Samoa).

Accordingly it is ORDERED, ADJUDGED and DE-CREED that Sauafea shall be registered as the holder of the matai title Liufau of Aua upon his filing with the Registrar of Titles his resignation from the matai title Sauafea within 15 days from the date of this decision. The Registrar of Titles will be advised of this decision.

Costs in the sum of $37.50 are hereby assessed against Filipo the same to be paid within 30 days.