HAROLD C. ANDERSON v. ESTHER ANDERSON.

110 N. W. (2d) 293.

August 4, 1961—No. 38,459.

 

*Newton S. Friedman,* for petitioner.
*Palmer, Hood, Crassweller & McCarthy,* for respondent.

PER CURIAM.

Writ of prohibition directing the Honorable Mark Nolan, judge of the District Court of St. Louis County, to refrain from proceeding further in the above entitled matter wherein an affidavit of prejudice has been filed against him under Rule 63.03 of Rules of Civil Procedure.[1]

The present proceedings relate to an order made by Judge Nolan on December 14, 1960, as an amendment to the judgment and decree of divorce herein. It required the defendant to execute certain quitclaim deeds and to deposit them in escrow to facilitate the sale of certain real property and provided for the distribution of the proceeds of the sale; and also provided that defendant retain custody of a minor child of the parties, subject to the supervision of the director of the welfare department of Oneida County, Wisconsin; that plaintiff pay the costs and medical expenses incurred in the care of the child; and that plaintiff refrain from harassing defendant or such director of welfare.

The present proceedings are to determine whether plaintiff is in contempt of the order described. On April 14, 1961, Judge Nolan scheduled the hear-

---

[1] Rule 63.03 of Rules of Civil Procedure provides in part:

"Any party or his attorney may make and serve on the opposing party and file with the clerk an affidavit stating that, on account of prejudice or bias on the part of the judge who is to preside at the trial or at the hearing of any motion, he has good reason to believe and does believe that he cannot have a fair trial or hearing before such judge. The affidavit shall be served and filed not less than * * * 5 days prior to a * * * day fixed by notice of motion, at which the * * * hearing is to be had, or, in any district having two or more judges, within one day after it is ascertained which judge is to preside at the trial or hearing."

ing for determination of this issue on April 19, 1961, and caused the welfare director of Oneida County and defendant to be advised to be present at such hearing. On April 17, 1961, the probation officer of St. Louis County orally advised plaintiff that such contempt proceedings had been scheduled for April 19, 1961, and requested plaintiff to appear voluntarily therein to avoid issuance of a warrant of attachment. Plaintiff's present counsel thereupon advised Judge Nolan that he had just been substituted as counsel for plaintiff and that plaintiff would only appear under process of the court.

Thereafter, on April 18, 1961, a warrant of attachment was issued and served upon plaintiff. On this date, an affidavit of prejudice against Judge Nolan, signed by plaintiff, was filed in the office of the clerk of District Court of St. Louis County. Service of copies of this affidavit was not made upon defendant and no proof of service was attached to the original.

On the date set for hearing, defendant with her counsel and the director of the welfare department of Oneida County all traveled to Duluth from Rhinelander, Wisconsin, a distance of approximately 226 miles and were present in time for the hearing. No other district judge was available to hear the order at this time. Judge Nolan thereupon issued an order refusing to honor the affidavit of prejudice and stating that:

"IT IS HEREBY ORDERED that this Court refuses to honor the affidavit of prejudice on the ground that the plaintiff is not entitled to an affidavit of prejudice in this proceeding, where the contempt is alleged against the plaintiff for a violation of the order of the undersigned.

＊ ＊ ＊ ＊ ＊

"BY THE COURT
"Mark Nolan /s/
"Mark Nolan, Judge of District Court"

The question for determination here is whether, in contempt proceedings, the judge who issues an order to show cause as to whether a party is in contempt of a previous order of such judge has jurisdiction to determine the question where an affidavit of prejudice has been filed against him pursuant to Rule 63.03 of Rules of Civil Procedure.

We are of the opinion that this issue is governed by our decisions in Wiedemann v. Wiedemann, 228 Minn. 174, 36 N. W. (2d) 810; Jones v. Jones, 242 Minn. 251, 64 N. W. (2d) 508; and that thereunder it was incumbent upon the judge involved to recognize the affidavit of prejudice which was filed against him, to refrain from acting on the motion, and to refer the case to the clerk of the district court so that the cause might properly be assigned to another judge of the same district.

No costs or disbursements allowed to either party.

The writ is made absolute.