## PATRICIA A. LINDBERG v. WINTON E. LINDBERG.

163 N. W. (2d) 870.

January 10, 1969—Nos. 41126, 41515.

*Guenter S. Cohn, Jerome V. Blatz,* and *Gary Flatten,* for appellant.
*Kempf & Ticen* and *James D. Kempf,* for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, Sheran, and Peterson, JJ.

PER CURIAM.

Plaintiff appeals from several orders, the effect of which is to revise the divided-custody provisions of a divorce decree and grant exclusive custody of two minor children to the father. The principal claim made on appeal is that the court erred in ordering a change of custody without making findings of fact, including a finding of custodial unfitness of the mother.

After a voluntary separation of over a year the defendant father was granted a divorce, upon his cross complaint, from the plaintiff mother on March 17, 1966. Pursuant to a stipulation of the parties, the decree awarded plaintiff custody of the children—a son, then 9½, and a daughter, then 5—for the months of September to May, and defendant custody for the months of June, July, and August. On June 16, 1967, 6 days after his remarriage, defendant moved the trial court to amend the decree by eliminating divided custody and awarding him exclusive custody of the children subject to reasonable visitation by plaintiff. Plaintiff, who remarried on June 17, 1967, by a counter motion sought a similar amendment giving her custody. After a hearing on these motions, the trial court, by order dated September 26, 1967, granted permanent and exclusive custody of the children to defendant. Plaintiff's motion to vacate or modify this order was denied, and she appeals.

Defendant permitted the children to remain with plaintiff until June 1968, the end of the school year. At that time, plaintiff refused to surrender

custody, erroneously believing that her appeal stayed proceedings under the September 1967 order even though she did not file a supersedeas bond.[1] As a consequence, on June 3, 1968, defendant, seeking physical custody of the children, obtained and served upon plaintiff a writ of habeas corpus. Prior to a hearing on the writ, plaintiff served and filed a timely affidavit of prejudice upon the trial judge, who erroneously refused to honor it.[2] He also denied plaintiff's request for an evidentiary hearing on the merits and, on June 4, ordered her to surrender custody to defendant. The refusal to hear testimony and the court order pursuant to the writ were proper since the September 1967 order, until vacated or modified, was conclusive evidence in the habeas proceeding of defendant's right to custody. State ex rel. Pappenfus v. Kourtz (Kowitz), 173 Minn. 177, 216 N. W. 937. Plaintiff surrendered the children to defendant in compliance with the June 4 order but filed a petition in this court for a writ of prohibition to restrain enforcement of that order. This motion was denied since the physical custody of the children had been transferred to defendant, thus terminating the habeas proceeding and leaving "nothing pending for this court to act upon." Plaintiff's appeal from the June 4 order has been consolidated with her appeal from the original order of September 26, 1967.

After a careful review of the record, we are of the opinion that the interests of justice and the welfare of the children will best be served by reversing the September 1967 order and remanding the question of custody to the trial court with directions to afford the parties a de novo hearing thereon. At such hearing, evidence submitted at the September 1967 hearing should be considered anew together with such further evidence as the parties may submit in support of, or in opposition to, plaintiff's pending motion to regain custody initiated by her in September 1968 subsequent to taking this appeal.[3]

This disposition is made because we cannot with reasonable certainty

---

[1] Minn. St. 605.115, applicable when this appeal was filed, provides, as did its predecessor (which was construed in Holmes v. Holmes, 253 Minn. 26, 91 N. W. [2d] 79), for a stay of proceedings in the lower court pending determination of an appeal only if a supersedeas bond is filed.

[2] A timely affidavit of prejudice should be honored in this type of case despite the fact that no actual bias exists. Rule 63.03, Rules of Civil Procedure. See, Anderson v. Anderson, 260 Minn. 573, 110 N. W. (2d) 293; Jones v. Jones, 242 Minn. 251, 64 N. W. (2d) 508; Wiedemann v. Wiedemann, 228 Minn. 174, 36 N. W. (2d) 810.

[3] In this connection, there is also pending an order of reference to the Hennepin County Department of Court Services, dated September 26, 1968, for further investigation and report.

ascertain the factual basis upon which the September 1967 order is based. The decision of the trial court was announced orally immediately following the close of the testimony, and no specific findings of fact, although requested, have ever been made. Further, in this bitterly contested case, the record makes it far from clear that the change of custody order is not in conflict with our repeated holdings that custody of young children should be awarded to the mother unless to do so would be detrimental to their welfare. Eisel v. Eisel, 261 Minn. 1, 110 N. W. (2d) 881; Johnson v. Johnson, 223 Minn. 420, 27 N. W. (2d) 289; Larson v. Larson, 176 Minn. 490, 223 N. W. 789. We are fully mindful that the trial court has, and should have, very broad discretion in custody cases. Where, however, the welfare of the children requires—as it has in rare cases [4]—that children be entrusted to the father's custody, the basis for the court's decision should be made clear by findings of fact, even though there need be no specific finding that the mother is unfit,[5] unless the evidence clearly and unequivocally could support only the decision reached. The evidence submitted at the September 1967 hearing is equivocal at best. Most of it related to the questionable conduct and homelife of plaintiff prior to her remarriage, which, while certainly relevant, should not be conclusive. See, Lammi v. Lammi, 244 Minn. 568, 70 N. W. (2d) 456. There is little or no evidence concerning the homelife of either party subsequent to their remarriages, and there is a suggestion in the record that evidence which may have aided the court was not produced. A "Custody Study" by the Hennepin County Department of Court Services recommending that custody be granted to the plaintiff was placed in the record, but the investigators who made the study did not testify despite our rule that such investigators should be produced for cross-examination by the parties. Stanford v. Stanford, 266 Minn. 250, 123 N. W. (2d) 187.

For these and other reasons we deem unnecessary to detail, we conclude that the court should, without feeling bound by the September 1967 order, conduct a de novo hearing and consider all available evidence concerning the conduct and character of the parties, the preferences of the children,[6]

---

[4] E. g., Aske v. Aske, 233 Minn. 540, 47 N. W. (2d) 417; State ex rel. Price v. Price, 211 Minn. 565, 2 N. W. (2d) 39; Fish v. Fish, 280 Minn. 316, 159 N. W. (2d) 271.

[5] Dodge v. Dodge, 268 Wis. 441, 67 N. W. (2d) 878.

[6] While the custodial preferences of the children have often been considered (Currier v. Currier, 271 Minn. 369, 136 N. W. [2d] 55; Aske v. Aske, supra; State ex rel. Rys v. Vorlicek, 229 Minn. 497, 40 N. W. [2d] 350) and in the case of older children must be considered (State ex rel. Waslie v. Waslie, 274 Minn. 564, 143 N. W. [2d] 634), they are not controlling when

and the type of home which each parent can now provide in order to determine what custody arrangement would best promote the children's welfare.

Reversed and remanded.

---

they conflict with the welfare of the children. State ex rel. Waslie v. Waslie, 277 Minn. 446, 152 N. W. (2d) 755.