# MINNESOTA STATE BAR ASSOCIATION v. DIVORCE EDUCATION ASSOCIATES AND OTHERS.

219 N. W. 2d 920.

June 28, 1974—No. 45086.

*Charles Thibodeau* and *Donna Thibodeau,* pro se, for petitioners.
*Theodore J. Collins* and *Morley Friedman,* for respondent.

PER CURIAM.

Petitioners seek a writ of mandamus directing (1) that a district court order restraining petitioners and others from destroying books and documents pending the outcome of a civil action brought against them be set aside; (2) that one of the petitioners be permitted to file an affidavit of prejudice against the district judge who had made the order; and (3) that the chief justice of the supreme court, pursuant to the Rules of Civil Procedure, appoint a district judge to hear the civil action currently pending against petitioners. The petition for writ of mandamus is in all respects denied.

Petitioners, Charles and Donna Thibodeau, are defendants, along with Divorce Education Associates and others who are currently unknown to the plaintiff, in a civil action brought by

the Minnesota State Bar Association to enjoin defendants from engaging in the unauthorized practice of law.

On April 3, 1974, a hearing was held before Judge Irving C. Iverson, Fourth Judicial District, Hennepin County, on an order to show cause why the court should not make permanent its previous order restraining defendants from destroying their books and records. At the hearing, defendants moved that Judge Iverson disqualify himself and all judges of the district who are members of the Minnesota State Bar Association and, if necessary, notify the chief justice of the supreme court pursuant to Rule 63.02, Rules of Civil Procedure. Judge Iverson denied this motion, but after he was informed that one of the unknown defendants had once appeared before him he stated that he would disqualify himself from the trial of the action on the merits. Thereupon, petitioner Donna Thibodeau attempted to file an affidavit of prejudice against Judge Iverson. The judge, however, refused to accept her affidavit, on the ground that it was untimely. At the conclusion of the hearing, Judge Iverson made the following order:

"The court, having heard the arguments of the parties and based upon all the files, records and proceedings herein, hereby makes the following order: The above-named defendants are hereby restrained from destroying, altering, transferring or making any other changes in their books, business records, financial records or any other documents possessed by them or in their control which relate to their activities, pending the outcome and determination of the above-captioned litigation."

The threshold issue in this case is whether the order of April 3, 1974, should be set aside because the judge had previously stated on the record that he would disqualify himself from hearing the case on its merits. Petitioners assert that the judge was powerless to make this order once he announced that he would disqualify himself. In support of their assertion, they cite many of our past decisions in which we have discussed the importance of an independent and unbiased judiciary. See, e.g., Payne v.

Lee, 222 Minn. 269, 24 N. W. 2d 259 (1946); Wiedemann v. Wiedemann, 228 Minn. 174, 36 N. W. 2d 810 (1949); Jones v. Jones, 242 Minn. 251, 64 N. W. 2d 508 (1954). We have carefully examined the record in this case and have concluded that Judge Iverson's conduct was in accord with the principles set forth in our prior decisions.

In 46 Am. Jur. 2d, Judges, § 230, we find the following rule:

"* * * Thus, the disqualification of a judge to hear and determine a cause does not prevent him from making orders that are purely formal in character, or from performing merely ministerial duties in no way connected with the trial, such as arranging the calendar or regulating the order of business. Under this view, he is not disqualified from certifying to a transcript of a judgment rendered by his predecessor, or administering an oath. *He may make such formal orders as are necessary to the maturing or the progress of the cause, or to bring the suit to a hearing and determination before a qualified judge,* or another court having the jurisdiction, and may carry out the provisions of an order of remand from a higher tribunal." (Italics supplied.)

Judge Iverson's order of April 3 was ministerial and formal in nature and did not in any way relate to the merits of the action. Its purpose was to preserve all evidence in defendants' possession until the case could be heard on its merits before a qualified judge. We therefore refuse to set it aside.

Secondly, petitioners pray that Donna Thibodeau be permitted to file an affidavit of prejudice against Judge Iverson. Since Judge Iverson has already disqualified himself from hearing the merits of this case, and since we have held that his order of April 3, 1974, was valid, the issue of whether Donna Thibodeau's affidavit of prejudice was timely filed in the district court is now immaterial and therefore we decline to reach it.

Finally, petitioners ask that the chief justice of this court appoint, pursuant to Rule 63.04, Rules of Civil Procedure, a special district judge to hear all further proceedings in this case. In support of their request, petitioners assert that all of the

district judges in Hennepin County are members of the Minnesota State Bar Association and are therefore impliedly biased against them. This issue has been raised in several other jurisdictions in disbarment proceedings or prosecutions for the unauthorized practice of law, and the general rule is that membership in the state bar association alone does not disqualify a judge. See, 46 Am. Jur. 2d, Judges, § 121; 48 C. J. S., Judges, § 80a, and cases cited. Petitioners' request for the appointment of a district judge is therefore denied.

The petition is in all respects denied.