# IN THE MATTER OF THE REGISTRATION OF THE MATAI TITLE TUIOLESEGA, OLOSEGA VILLAGE, MANU'ATELE DISTRICT

High Court of American Samoa
Land and Titles Division

MT No. 17-79

September 23, 1980

MURPHY, Associate Justice.

This cause came on regularly for trial with six candidates seeking the title of Tuiolosega.  Candidate Tupuola L. Pa'u was chosen by the associate judges using the criteria established in 1 ASC 757, and an order and certification were issued in accordance therewith.  The five other candidates have made motions for new trial stating various grounds.  Some of the grounds made by counsel are without merit; we comment briefly on the others.

Several candidates move this Court for a new trial because we did not state specifically our findings of fact and conclusions of law in our certification and order filed June 20, 1980.

In cases involving matai titles and titles to land, this Court is not governed by the Federal Rules of Civil Procedure, and need not issue findings and conclusions.  See 5 ASC 412.  Secondly, the parties did not request findings and conclusions prior to trial, and in fact did not request them until now, when they complain that the court did not provide them. Third, should we specify in our certifications and orders why certain candidates were not chosen, we would in a sense be issuing negative findings.  We have already decided negative findings of fact are not required.  M-C International v. Island Pacific Agencies, Inc., CA No. (August 7, 1980); Schilling v. Schwitzer (DC Cir. 1944) 142 F.2d 82; Cohen v. Globe Indemnity Co. (E.D. Pa. 1941) 48 F.Supp 1.  And fourth, an objection to the form of the judgment, even if well taken, does not constitute grounds for a new trial.

It has been suggested in one motion for a new trial that two of the

judges are "very close relatives" of the winning candidate, and counsel requested and was given time to propound written interrogatories to the judges in question. The answers to these interrogatories have been filed, and as can been seen from the answers, the judges are either not related to the winning candidate, or if by some chance they are, neither of them know what that relation is.

We note that the adult population of American Samoa is approximately 9,000 people, and that a high percentage of the families in American Samoa have been here since time immemorial. Given the small adult population, and until recent years the limited amount of travel, the number of cases in which one or more judges or their wives may be related in some remote degree to a candidate in matai title cases is statistically significant.

We note also that at the beginning of this trial counsel for one candidate requested and was given an opportunity to ask each member of the Court if he was related to any of the candidates, and each judge said he believed he was not. Not one objected at that time, and all were given the opportunity to do so. In accord with this decision is Iosia v. Heirs of Lemeanai, 3 ASR 482 (1954). In that case, then Chief Justice Morrow said:

> ....If Iosia had any objection to Judge Noa's sitting in
> the case, he should have voiced it when the case came on
> for hearing, and not waited until after the case was
> decided. In other words, he should not have gambled on
> winning his case and then, after learning that the decree went
> against him, complain that the associate judge was in-
> eligible to sit. Id. at 486.

Even if it had turned out that some of the judges in the case or their wives had been distantly related to one of the candidates or their wives, that would not have been suficient to disqualify a judge. 5 ASC 207 governs disqualification of judges in this Territory:

> (a) No judge shall sit in any case in which he, or a
> family of which he is a member, has a substantial
> interest, or in which he has been counsel, is or has
> been a material witness, or is a member of the same
> family with any party to the case.

There being no such showing in this case, this is not an adequate ground to grant the motion for new trial.

We have read Sauafea v. Filipo (1949) 2 ASR 477, an earlier case also written by Justice Morrow in which he reached an opposite conclusion. That decision was based on Wiedemann v. Wiedemann (Minn. 1949) 36 N.W. 2d 810, which we distinguish on its facts from this case on two points. First, in Minnesota it seems, there are alway other judges available, where as here, four judges out of a total of six heard this case. Second, in Wiedemann, there apparently were circumstances which gave a bona fide appearance of bias to the litigants. We find no such bias in this case.

There being no ground on which to grant a new trial, IT IS ORDERED that the five motions for new trial in this case be and hereby are denied.