**In re the Marriage of Alice Elizabeth OLSON, petitioner, Appellant,**

v.

**Richard Bryan OLSON, Respondent.**

**No. C8–86–230.**

Court of Appeals of Minnesota.

Aug. 19, 1986.

Joanne Thatcher Swanson, Swanson Law Office, St. Paul, James R. Coleman, Chisago City, for appellant.

Timothy Paul Brausen, Minneapolis, for respondent.

Heard, considered and decided by SEDGWICK, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

FORSBERG, Judge.

This is an appeal from a judgment and decree of dissolution entered after the first part of a bifurcated proceeding. The parties stipulated to these issues but appellant contends the decree does not faithfully incorporate the stipulation. Appellant also seeks review of a "change of venue" and the denial of notices to remove against the trial judge and the judge scheduled to hear the remainder of the case. We affirm as modified.

## FACTS

Appellant Alice Olson and respondent Richard Olson were married in 1975. Shortly after the marriage, they moved to Kanabec County, where Richard began farming under a partnership arrangement with his brother Donald Olson, known as Olson Comfort Farms.

In the fall of 1983, the parties separated, Richard moving from the Kanabec County farm (the "Seline farm") where they had lived, to the Twin Cities, where he obtained employment with Sperry Corporation, beginning in February, 1984. In December, 1983, Richard and his brother terminated the partnership agreement. Under this "Termination of Partnership Agreement" Donald Olson agreed to pay Richard $16,-700 for his interest. Donald received all the partnership assets, while Richard retained the "Seline farm" which was not a partnership asset but had been farmed by the partnership and encumbered by it.

The marital dissolution action was filed in March, 1984.

Following a November hearing for temporary relief, Alice brought a declaratory judgment action to determine her partnership interest and to enjoin any action under

the Partnership Termination Agreement. The dissolution action was bifurcated, with the property division to await the outcome of the partnership suit.

The case came on for trial on April 8, 1985. The parties had reached a stipulation on a number of issues, including child custody, support, visitation, the division of debts incurred prior to December 1, 1983, and a mutual release of claims to disclosed assets and undisclosed assets under $5000. Testimony was received on other issues, but the trial court excluded testimony concerning the partnership.

A later stipulation was entered into relating to personal property, pension benefits, and tax deductions. Other matters relating to non-marital assets, real property division, and division of the partnership interest were reserved pending the resolution of the related partnership action.

There was a difference of opinion relating to the 1983 tax liability of $18,000. Appellant claimed that the issue should be reserved for the later hearing, and respondent argued and the judge agreed that there was joint liability for the taxes.

Also, appellant filed an affidavit of prejudice against the trial judge based on his ruling against her in the related partnership action.

Meanwhile, the parties could not agree on a judgment and decree to incorporate the stipulations reached in the first dissolution hearing. Richard's attorney added a 1983 tax liability of $18,000 to the findings, and changed the Conclusions of Law by adding, as an issue reserved for later hearing, "the related 1983 income tax indebtedness of the parties."

The hearing on the remaining dissolution issues was set for January 27, 1986. Appellant's counsel was told Judge Slattengren was assigned to hear it. On January 23, a Thursday, appellant's counsel was informed Judge Clifford, who had heard the first dissolution proceeding as well as the partnership motion, would hear the case in Pine City. Counsel objected to this "change of venue," attempted to file a writ

of prohibition with this court and served notices to remove on both judges on January 27. The hearing was continued.

Meanwhile, Judge Clifford signed the decree as drafted by respondent's attorney, including the alleged alterations of the stipulation respecting the 1983 tax liability. Appellant brought a writ of mandamus before this court to compel the trial court to sign the draft submitted by her attorney.

### ISSUES

1. Did the trial court err in making a finding of fact not included in the stipulation of the parties?

2. Did the trial court err in declining to honor the notices of removal?

### ANALYSIS

*1. Discrepancy between decree and stipulation*

Appellant claims four discrepancies between the stipulation, read on the record, and the decree entered. Two relate to the 1983 tax liability, and two to the medical insurance on the children to be maintained by respondent. The latter two are minor, one an apparent clerical error ("reimbursed" where "unreimbursed" is clearly intended), the other a fine distinction in the duty, not covered in the stipulation, to obtain replacement coverage in the event respondent changed employment.

The 1983 tax liability was not a part of the stipulation read into the record. Respondent claims this liability arises from the termination of the partnership agreement, and that appellant is jointly liable. Appellant does not agree with respondent's tax treatment of this item and filed a separate 1983 return. The 1983 income tax return was not submitted into evidence, nor was a 1983 partnership return. Respondent stated in his deposition in November, 1984 that the 1983 partnership return had not been filed.

■ Thus the court had no evidence from which to find a joint 1983 tax liability of $18,000, nor did the parties stipulate to

this amount or the joint nature of the obligation. This court in *Erdahl v. Erdahl*, 384 N.W.2d 566, 570–71 (Minn.Ct.App. 1986), reversed where the trial court, without any reference in the record, included an offset for social security payments that might be received in the future.

■ The conclusion of law to which appellant objects reserves the issue of "the [partnership-]related 1983 income tax indebtedness of the parties," for later resolution. Appellant contends that one of respondent's concessions in reaching the stipulation was "not trying the issue of the 1983 tax returns." The issue of "division or construction of the partnership interest," however, was reserved.

If a tax liability arose out of the partnership termination, and appellant claims an interest in the partnership, then the tax issue is necessarily involved in that determination. Moreover, since the "concession" claimed by appellant was not made on the record, this court must defer to the trial court which participated in the negotiations.

### 2. Notices of removal

The notice of removal against Judge Clifford alleges, in supporting affidavits, a bias against appellant based on his ruling against her in the related partnership action, signing the dismissal order 6 months after the hearing, signing the respondent's draft of the decree, and signing and entering it on the Saturday before the second hearing, which he had rescheduled to be heard before him, resulting in the "change of venue." The notice of removal against Judge Slattengren is derivative, claiming this alleged bias was communicated to him.

■ Although these are the first notices or affidavits of prejudice filed by appellant, she concedes that a showing of actual prejudice is required, at least as to Judge Clifford, since he had already heard the first part of the bifurcated proceeding. *See State v. Pierson*, 368 N.W.2d 427, 432 (Minn.Ct.App.1985) (once a trial is commenced, a party cannot disqualify a judge).

The supreme court in *McClelland v. McClelland*, 359 N.W.2d 7, 11 (Minn.1984), held there were no grounds for a mistrial based on bias where it was claimed

> the trial judge inappropriately interjected herself into the questioning of one of the witnesses, interrupted the testimony of appellant's expert, prematurely stopped further inquiry into the wife's marital and nonmarital assets, and refused to make a record of her comments made in chambers.

■ The statute allowing disqualification of a judge is to be liberally construed. *Wiedemann v. Wiedemann*, 228 Minn. 174, 36 N.W.2d 810 (1949). A judge should not try a case, even in the absence of bias, if circumstances have arisen which give a bona fide appearance of bias. *Id.*, 228 Minn. at 177, 36 N.W.2d at 812.

■ Prior adverse rulings, however, clearly cannot constitute bias, nor would the error, if any, in signing the decree with minor deviations from the stipulation. *U.S. v. Anderson*, 433 F.2d 856, 860 (8th Cir. 1970) (prior rulings, even if erroneous, do not establish bias). The rescheduling of the second hearing does not establish bias, as efficiency would have been served by having the complex partnership issue heard by a judge already familiar with the facts.

### DECISION

The trial court is affirmed, but the finding of fact as to the amount of the tax liability ($18,000.00) should be deleted.

Affirmed as modified.