*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0530**

In re: The Burial of Irina Kurdyumova (Deceased)

**Filed November 30, 2015
Affirmed
Smith, Judge**

Hennepin County District Court
File No. 27-CV-13-21529

Yelena Kurdyumova, Minneapolis, Minnesota (pro se appellant)

Michael D. Sharkey, Cousineau McGuire Chartered, Minneapolis, Minnesota (for
respondent Crescent Tide, LLC)

Considered and decided by Stauber, Presiding Judge; Smith, Judge; and Minge,

Judge.[*]

## U N P U B L I S H E D   O P I N I O N

**SMITH**, Judge

We affirm the district court's denial of appellant's motion to remove the district-

court judge because appellant's attempt to remove was untimely and failed to establish

bias. We also affirm the denial of appellant's motion to find respondent in contempt

because appellant failed to show that respondent violated the order of the district court.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to
Minn. Const. art. VI, § 10.

**FACTS**

Appellant Yelena Kurdyumova's mother died on May 22, 2012. Kurdyumova had contracted with respondent Crescent Tide, LLC to cremate her mother's remains. Through her own actions, Kurdyumova delayed that process for over a year. Subsequently, under pressure from the Minnesota Department of Health, Crescent Tide sought judicial approval for the burial of Kurdyumova's mother's remains. On January 23, 2014, the district court ordered that the remains be buried and that Crescent Tide could seek reimbursement from Hennepin County. On January 29, 2014, Crescent Tide buried Kurdyumova's mother.

The case lay dormant until December 30, 2014, when Kurdyumova moved the district court to find Crescent Tide in contempt of the January 2014 order. Kurdyumova also requested, as part of the contempt proceeding, that the district-court judge be removed as a matter of right and for bias. The district court denied Kurdyumova's motions.

**D E C I S I O N**

**I.**

Kurdyumova first argues that the district court abused its discretion when it denied her request to remove the district court judge as a matter of right and for bias. Whether a district court should recuse itself from a case is discretionary with the district court. *Carlson v. Carlson*, 390 N.W.2d 780, 785 (Minn. App. 1986), *review denied* (Minn. Aug. 20, 1986). A reviewing court will not reverse absent a clear abuse of discretion. *Id.*

2

Under Minn. Stat. § 542.16, subd. 1 (2014), a party must file notice of removal "within ten days after the party receives notice of which judge or judicial officer is to preside at the trial or hearing . . . ." Minn. R. Civ. P. 63.03 prohibits any such notice being filed "against a judge or judicial officer who has presided at a motion or any other proceeding of which the party had notice."

The district court properly determined that Kurdyumova's notice of removal as a matter of right was untimely. The same district-court judge was to preside over Kurdyumova's contempt motion as had presided at all stages of the case. Therefore, Kurdyumova filed her notice of removal months after the expiration of the ten-day period prescribed by section 542.16, subdivision 1.

Alternatively, Kurdyumova contends that the district court erred in refusing to remove the district-court judge for bias. "A judge . . . who has presided at a motion or other proceeding . . . may not be removed except upon an affirmative showing of prejudice . . . ." Minn. R. Civ. P. 63.03. "A showing that the judge or judicial officer might be excluded for bias from acting as a juror in the matter constitutes an affirmative showing of prejudice." *Id.* But "[a] judge who feels able to preside fairly over the proceedings should not be required to step down upon allegations of a party which themselves may be unfair or which simply indicate dissatisfaction with the possible outcome of the litigation." *Carlson*, 390 N.W.2d at 785 (quotation omitted).

Kurdyumova's bias allegations fail. Kurdyumova first attempts to equate her many defeats at the district-court level with bias. But it is well settled that adverse rulings alone are insufficient to establish bias. *Olson v. Olson*, 392 N.W.2d 338, 341

3

(Minn. App. 1986) ("Prior adverse rulings, however, clearly cannot constitute bias . . . ."). Kurdyumova also alleges facts that were not part of her attempt to remove for bias below and makes additional arguments that are unsupported by legal authority. This court will not consider such arguments. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1998) (stating the rule that an appellate court will not consider matters not argued to and considered by the district court); *Ganguli v. Univ. of Minn.*, 512 N.W.2d 918, 919 n.1 (Minn. App. 1994) (declining to address allegations unsupported by legal analysis or citation).[1]

Because Kurdyumova's notice of removal was untimely and she failed to establish bias, the district court did not abuse its discretion in denying Kurdyumova's request to remove the district-court judge.

## II.

Kurdyumova's final argument is that the district court abused its discretion in denying her contempt motion. On appeal, we review the factual findings of a civil contempt order under the clearly-erroneous standard. *In re Welfare of Children of J.B.*, 782 N.W.2d 535, 538 (Minn. 2010). We reverse a district court's decision to invoke its contempt powers only if we find an abuse of discretion. *Id.* The party seeking a

---

[1] Kurdyumova also finds fault with the targeted district court judge considering her motion to remove for bias, but such procedure is exactly what the rules require. *See* Minn. R. Gen. Pract. 106 ("All motions for removal of a judge . . . on the basis of actual prejudice or bias shall be heard in the first instance by the judge sought to be removed."). We also note that Kurdyumova had the option of having that decision reconsidered by the chief judge of the district court but did not pursue that avenue of relief. *See id.*

contempt order must present "facts constituting the contempt." Minn. Stat. § 588.04(a) (2014).

Kurdyumova contends that Crescent Tide was in contempt of the January 2014 order because it failed to place a nameplate on her mother's grave. Our review of the January 2014 order and the law cited by the parties shows that not only did the January 2014 order not obligate Crescent Tide to place a nameplate on Kurdyumova's mother's grave, but also that no Minnesota law creates such an obligation.

Kurdyumova also contends that Crescent Tide was in contempt because it sought reimbursement from her. The record shows that Crescent Tide first sought reimbursement from Hennepin County and was denied, and has only subsequently attempted to recover from Kurdyumova what it believes it is owed. We agree with the district court's conclusion that "[t]here is . . . no legal basis to find Crescent Tide in contempt or to restrain them because they are sending a bill for services they believe they are owed."

The merit of a claim is based on its logic. Here, the claim lacks logic and therefore the district court did not abuse its discretion in denying Kurdyumova's contempt motion.

**Affirmed.**

5