*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1596**

In re the Marriage of:
Roger Alan Roy, petitioner,
Respondent,

vs.

Bonnie LaMay Roy,
Appellant.

**Filed August 8, 2016
Affirmed
Smith, John, Judge**[*]

Carver County District Court
File No. 10-FA-08-511

Denis E. Grande, DeWitt Mackall Crounse & Moore S.C., Minneapolis, Minnesota (for
respondent)

Bonnie L. Roy, Waconia, Minnesota (pro se appellant)

Considered and decided by Stauber, Presiding Judge; Reyes, Judge; and Smith,

John, Judge.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to
Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**SMITH, JOHN**, Judge

We affirm the district court's order denying appellant's motion to increase her spousal maintenance award. The district court did not abuse its discretion by concluding that appellant failed to establish a substantial change of circumstances warranting an increase in maintenance.

## FACTS

The district court dissolved the 15-year marriage of appellant Bonnie LaMay Roy and respondent Roger Alan Roy by judgment in 2009. Roger is self-employed as the sole proprietor of Roy Custom Homes, LLC and was then working only as a subcontractor to another company. Bonnie, who has a past history of employment as a beautician, is not employed. She has a disability following breast cancer, with medical conditions of chronic fibrosis, abdominal wall pain, and a restricted range of motion.

In the judgment, the district court found that Roger had a $42,567 yearly gross income, that neither party was able to meet monthly expenses, and that Bonnie was unable to provide adequate self-support without some maintenance from Roger and some appropriate employment for herself. The district court therefore ordered permanent spousal maintenance of $650 per month. The district court found, however, that, despite her disability, Bonnie had the ability to work part time, earning at least $500 per month, and that after attending a pain clinic, she could work "close to full time." The district court therefore found that she "must take some steps herself to provide for her own support,"

including finding some employment within the range of her capabilities or attempting to obtain Social Security disability.

In December 2012, the district court denied Bonnie's motion to increase maintenance, finding that she had established a need for increased maintenance, but that Roger had no ability to pay additional maintenance. Bonnie, acting pro se, renewed her motion in June 2015. After a hearing, the district court denied the motion. The district court found that Bonnie's only monthly income was maintenance of $710, with reasonable monthly expenses of $1,970. The district court found that Roger's average adjusted gross monthly income over the last five years was $4,680; that he had recently had knee replacement surgery, and it was unclear to what extent he would be able to resume his carpentry work; and that he had reasonable monthly expenses of $5,772, an increase since the judgment because he had borrowed against a home equity line of credit to fund expenses, including his maintenance obligation. The district court found that Roger had a shortfall of approximately $1,092 per month, Bonnie had a shortfall of approximately $1,260 per month, and "the parties continue to be relatively equally burdened by their negative cash flows." The district court therefore concluded that Bonnie had failed to establish a substantial change in circumstances to justify a change in maintenance under Minn. Stat. § 518A.39, subd. 2 (Supp. 2015).

**D E C I S I O N**

This court reviews the district court's decision on spousal-maintenance modification for an abuse of discretion. *Hecker v. Hecker*, 568 N.W.2d 705, 709-10 (Minn. 1997). The district court abuses its discretion if it makes findings unsupported by the

evidence or errs in applying the law. *Dobrin v. Dobrin*, 569 N.W.2d 199, 202 & n.3 (Minn. 1997). A reviewing court will uphold a district court's findings of fact unless they are clearly erroneous. *Antone v. Antone*, 645 N.W.2d 96, 100 (Minn. 2002). "Findings of fact are clearly erroneous where an appellate court is left with the definite and firm conviction that a mistake has been made." *Goldman v. Greenwood*, 748 N.W.2d 279, 284 (Minn. 2008) (quotation omitted).

At the outset, we note that in this appeal, Bonnie also challenges portions of the 2009 judgment and the 2012 order denying her previous motion to increase maintenance. But the times for appeal of the judgment and the earlier order have expired. *See* Minn. Stat. § 518.145, subd. 1 (2014) (stating that a marriage dissolution is final when judgment is entered); *see also* Minn. R. Civ. App. P. 104.01, subds. 1, 2 (specifying 60-day appeal period from judgments and appealable orders). Therefore, those matters are not properly before this court, and we will rule only on issues relating to the order currently on appeal.

Before the district court may modify a spousal-maintenance award, the moving party must provide clear proof that, since the spousal-maintenance obligation was established or last modified, a substantial change of circumstances has occurred that renders the award unreasonable and unfair. Minn. Stat. § 518A.39, subd. 2; *Beck v. Kaplan*, 566 N.W.2d 723, 726 (Minn. 1997). Factors supporting maintenance modification include "substantially increased or decreased gross income of an obligor or obligee" and "substantially increased or decreased need of an obligor or obligee." Minn. Stat. § 518A.39, subd. 2.

4

Bonnie maintains that the district court ignored evidence of her continuing medical condition and her increased financial need. She points out that although she has medically qualified for Social Security disability benefits, she does not meet other requirements for that program. But the district court noted its earlier finding that she should be able to obtain some form of employment despite her disability, and it further found that she had not yet secured employment outside the home. This finding is not clearly erroneous. And although Bonnie has submitted evidence of increased financial hardship, that factor is only one of several to be considered in addressing whether to increase a maintenance award. *See id.* (stating factors to be examined in considering maintenance modification).

Bonnie argues that her children, although over 18, have lived with her while attending college, and that she is no longer receiving child support. But expenses for emancipated children are not properly considered to be expenses of a maintenance recipient. *Musielewicz v. Musielewicz*, 400 N.W.2d 100, 103 (Minn. App. 1987), *review denied* (Minn. Mar. 25, 1987). And termination of child support does not constitute a substantial change of circumstances justifying a maintenance increase because a party's gross income does not include child-support payments received by a party. Minn. Stat. § 518A.29(e) (2014); *see Lee v. Lee*, 775 N.W.2d 631, 635 n.5 (Minn. 2009) (holding that the provisions of section 518A.29 defining gross income apply to spousal maintenance).

Bonnie maintains that the district court improperly refused to consider her additional documentation of financial hardship and disability, which she attempted to submit at the district-court hearing but were rejected as untimely. *See* Minn. R. Gen. Pract. 303(a)(1) (providing that "[n]o motion shall be heard unless the moving party" serves and files

5

"[r]elevant signed, sworn and notarized affidavits and exhibits" "at least 14 days prior to the hearing"). She alleges that the district court was biased against her because Roger submitted documents a short time before the hearing. But Roger's documents were timely submitted five days before the hearing because they were responding to Bonnie's motion. *See* Minn. R. Gen. Pract. 303(a)(3) (stating that responsive documents must be served five days before the hearing). Any failure to admit additional documentation into evidence did not prejudice Bonnie because the district court allowed her to fully explain her allegations of changed circumstances at the hearing. *See Loth v. Loth*, 227 Minn. 387, 392, 35 N.W.2d 542, 546 (1949) (stating that "error without prejudice is not ground for reversal").

Bonnie challenges the district court's findings with respect to Roger's income and debt. She argues that Roger's federal tax returns submitted to the district court did not accurately represent his gross income because he claimed excess tax deductions, artificially reducing his income for maintenance purposes. We apply a clear-error standard of review to the district court's findings of a party's income. *Ludwigson v. Ludwigson*, 642 N.W.2d 441, 446 (Minn. App. 2002).

"[I]ncome from self-employment or operation of a business" for maintenance and support purposes is defined as "gross receipts minus costs of goods sold minus ordinary and necessary expenses required for self-employment or business operation." Minn. Stat. § 518A.30 (2014). The district court examined Roger's federal tax returns from 2010-2014, including the Schedule-C portion of the returns, which contains the information required for determining income from self-employment. The district court then averaged five years of Roger's adjusted gross income from the returns and found his gross yearly

income to be $56,161. Calculating average income over a time period may be appropriate when the nature of employment causes income to fluctuate. *Veit v. Veit*, 413 N.W.2d 601, 606 (Minn. App. 1987). The district court did not err in its application of Minn. Stat. § 518A.30 to determine Roger's income from self-employment.

Bonnie argues that it was improper for Roger to deduct attorney fees as a business expense because they were not ordinary and necessary expenses. Although Roger's tax returns show that he did deduct attorney fees as a business expense in 2010, he did not do so from 2011-2014. Here, Bonnie has failed to show that, even if the district court improperly allowed a 2010 deduction for attorney fees, its determination of Roger's average income over a five-year period was clearly erroneous. *See Vangsness v. Vangsness*, 607 N.W.2d 468, 472 (Minn. App. 2000) (stating that a party challenging a district court's factual finding on appeal has the burden to show that the finding is clearly erroneous).

Bonnie maintains that the record contains no documentation of Roger's business and personal debt or the sale of a mini-storage business, which had previously produced income to him. Although the record does not contain the Schedule A portions of Roger's tax returns, the district court's attribution of debt to him is consistent with its finding that he had increased mortgage debt due to borrowing against a home equity line of credit to fund increased expenses, including his maintenance obligation. Further, we cannot conclude that the district court abused its broad discretion by failing to require additional evidence of Roger's debt and proof of a business sale. *See Kroning v. State Farm Auto.*

7

*Ins. Co.*, 567 N.W.2d 42, 45-46 (Minn. 1997) (stating that the district court has "broad discretion" over evidentiary matters) (quotation omitted)).

Bonnie appears to argue that the district court was biased because it did not sufficiently consider the evidence that she submitted and instead credited Roger's evidence on his income and expenses. But the district court implicitly found Roger's income and expenses to be credible, and we defer to the district court's credibility determinations. *Sefkow v. Sefkow*, 427 N.W.2d 203, 210 (Minn. 1988). An unfavorable ruling by itself does not support a claim of judicial bias. *Olson v. Olson*, 392 N.W.2d 338, 341 (Minn. App. 1986).

Bonnie finally appears to challenge the district court's determination that both parties share the burden of their inability to meet current expenses. But under current law, "a spousal support award is based on the notion that the marital relationship involves an economic partnership in which the spouses equally share the burdens and responsibilities of both marriage and dissolution." *Erlandson v. Erlandson*, 318 N.W.2d 36, 39 (Minn. 1982). On this record, the district court did not abuse its discretion by concluding that Bonnie failed to show a substantial change in circumstances and by denying the motion to modify maintenance.

**Affirmed.**

8