**In the Matter of the Marriage of Edwin E. LAPPI, petitioner, Appellant,**

v.

**Ione F. LAPPI, Respondent.**

**No. 49909.**

Supreme Court of Minnesota.

May 30, 1980.

Kenneth A. Mitchell, Minneapolis, for appellant.

Moss, Flaherty, Clarkson & Fletcher and Edward L. Winer, Minneapolis, for respondent.

SCOTT, Justice.

This is an appeal from a judgment in favor of respondent, Ione F. Lappi, issued by Judge Donald T. Barbeau of the Hennepin County District Court pursuant to a finding that appellant, Edwin E. Lappi, had failed to comply with a dissolution decree issued by Judge Robert E. Bowen, acting for the same court. Respondent moved to have appellant found in contempt or, in the alternative, for a money judgment on the ground that the appellant had failed to comply with certain provisions of the dissolution decree. Appellant countermoved, claiming that respondent was in contempt, asking for modification of the original decree, and demanding a jury trial. The same day, he filed an affidavit of prejudice against Judge Bowen, who had heard the original dissolution action. Treating the affidavit as a certificate of removal, Chief Judge Eugene Minenko ordered the motion for contempt heard by Judge Barbeau and the motion for modification returned to Judge Bowen. Judge Barbeau found that appellant had failed to comply with the judgment and issued a money judgment in favor of respondent, from which this appeal is taken. We affirm Judge Barbeau's order, but remand for reassignment of appellant's claim for modification.

The parties were married on March 12, 1960, and had three children during their

marriage. On January 13, 1977, appellant petitioned for a dissolution of the marriage. A hearing on a petition for temporary relief was held before Referee Edward P. Dietrich; Judge Susanne C. Sedgwick signed a temporary order granting relief to the wife on February 25, 1977.

The hearing on the dissolution was held on April 26, 1978, before Judge Bowen, acting on behalf of the court's Family Division. On July 28, 1978, Judge Bowen issued a letter decision and on November 16, 1978, he issued a judgment and decree filed November 28, 1978, *nunc pro tunc* to August 31, 1978. The judgment provided for child custody and support, alimony, and division of the parties' marital property.

On January 4, 1979, respondent filed a notice of motion and a motion for the court to order appellant to comply with the dissolution decree and to find him in contempt for failing to comply with various provisions of the November 16, 1978, judgment and, in the alternative, requesting a money judgment. Thereafter, Judge Bowen issued an order to show cause why the relief should not be granted, dated January 8, 1979; a hearing was scheduled before Referee Dietrich of the Family Division for January 18, 1979.

Appellant responded by filing a notice of motion and motion demanding (1) that respondent be found in contempt for failing to deliver certain property; (2) an order that she pay rental fees for the property; (3) a change in the initial judgment with respect to visitation; and (4) that the alimony award in the original judgment be stricken or held in abeyance pending appeal to the Minnesota Supreme Court. He also objected to the procedure by which the action was initiated and the relief that respondent requested, on the ground that it was not available to her. Finally, he asked for a jury trial on the contempt issue. This motion was filed on January 15, 1979. The same day, appellant's attorney filed an affidavit of prejudice stating that appellant and his attorney had reason to believe and did believe that Judge Bowen was biased and prejudiced so that he could not conduct a fair and impartial hearing on the case. In addition, the affidavit stated that as a matter of law no referees are qualified to hear a motion for contempt.

On January 17, 1979, Chief Judge Minenko issued an order in response to the affidavit of prejudice. Treating it as a certificate of removal,[1] he ordered that the issue of the alleged contempt should be removed and assigned by the assignment office of the district court. He also ordered that "all such matters relating to amendment of the decree or such other motions relating to the matter herein shall be heard by the Honorable Robert E. Bowen." In his memorandum accompanying the order, Judge Minenko explained that he granted the certificate of removal on the contempt proceedings but would not do so on the other matters because "the matter is not one for trial but

---

1. Minn.Stat. § 542.16 (1978) reads as follows:
    Notice to Remove. Subdivision 1. Initial disqualification. Any party, or his attorney, to a cause pending in district court, within one day after it is ascertained which judge is to preside at the trial or hearing thereof, or at the hearing of any motion, order to show cause, or argument on demurrer, may make and file with the clerk of the court in which the action is pending and serve on the opposite party a *notice to remove*, and thereupon without any further act or proof, secure some other judge of the same or another district to preside at the trial of the cause or the hearing on the motion, demurrer, or order to show cause, and the cause shall be continued on the calendar, until another judge can be present. In criminal actions the notice to remove shall be made and filed with the clerk

by the defendant, or his attorney, not less than two days before the expiration of the time allowed him by law to prepare for trial and in any of those cases the presiding judge shall be incapacitated to try the cause. In criminal cases, the judge, for the purpose of securing a speedy trial, may in his discretion change the place of trial to another county.
    Subd. 2. Subsequent disqualifications. After a litigant has once disqualified a presiding judge as a matter of right under subdivision 1, he may disqualify the substitute judge, but only by making an affirmative showing of prejudice. A showing that the judge might be excluded for bias from acting as a juror in the matter constitutes an affirmative showing of prejudice.
    (Emphasis added.)

has been heard and a decision made long ago. Any application for removal at this time on the ground of a certificate of removal is untimely."

Judge Barbeau heard the parties' case on January 18, 1979. Despite arguments by appellant, he refused to hear any evidence on the issue of modification. On February 12, Judge Barbeau issued an order finding that (1) appellant was aware of the judgment and decree filed on November 28, 1978, *nunc pro tunc* to August 31, 1978; (2) the decree clearly defined his obligations; (3) he had failed to comply with certain provisions of the judgment and decree; (4) there had been no change in appellant's circumstances; and (5) he had not shown an inability to comply. Judge Barbeau thereafter ordered appellant to pay the amount in arrears and attorney fees, and to provide respondent with verification that certain insurance was paid and the proper parties named as beneficiaries. Appellant did not pursue the modification claim before Judge Bowen.

This case raises the following issues:

(1) Whether respondent used the appropriate procedures to enforce the divorce decree;

(2) Whether Judge Minenko erred by responding to appellant's affidavit of prejudice by bifurcating the contempt and modification hearings;

(3) Whether Judge Minenko erred by ruling that only Judge Bowen could hear the modification issue;

(4) Whether the appellant was entitled to a jury trial; and

(5) Whether the attorneys fees awarded to respondent were excessive.

█ 1. Respondent initiated this action by filing a notice of motion and moving the court to either find appellant in contempt for failing to abide by the judgment filed on November 28, 1978, *nunc pro tunc* to August 31, 1978, or, in the alternative, en-

tering a judgment against him for the amount due under the original divorce decree. Appellant argues that since respondent was seeking a money judgment, she should have used a summons and complaint.

The case law indicates that a person can attempt to enforce a dissolution decree by either bringing an action for civil contempt or bringing an independent action. *See, Weinand v. Weinand*, 286 Minn. 303, 175 N.W.2d 506 (1970), which distinguishes the two; *Cummins v. Redman*, 312 Minn. 237, 251 N.W.2d 343 (1977); citing *Hampton v. Hampton*, 303 Minn. 500, 229 N.W.2d 139 (1975), to state that all remedies available to other creditors are available to a spouse trying to collect accrued child support payments; and *Hopp v. Hopp*, 279 Minn. 170, 156 N.W.2d 212 (1968), which designates the elements of a case for contempt. Minn. Stat. § 518.24 (1978) states that—

> If the obligor has an income from a source sufficient to enable him to pay the maintenance or support and he fails to pay the same, the court shall order him to pay it. If a person or party disobeys the order, he may be punished by the court as for contempt.

Under the Rules of Procedure for Family Court Dissolution Matters, Rule 5.02, it would appear that respondent's only option was to bring a motion and notice of motion to recover the unpaid money. The rule reads as follows:

> Money judgments for unpaid alimony, support, or attorneys' fees, unless based upon a prior temporary order, may be entered *only* upon Motion and Notice of Motion scheduled for hearing before the Court.[2]

(Emphasis added.) See, also, Special Rules of Practice—Fourth Judicial District, Rule 9(b). Moreover, Rule 7 of the Rules of Procedure for Family Court Dissolution Matters explains the procedure in contempt cases and requires that the suits be started by a motion and notice of motion.

---

2. As the preface states, the Uniform Rules of Procedure for Family Court Dissolution Matters were adopted by the County Court Judges Association on January 11, 1978, to be effective March 1, 1978. The rules are intended to apply to both district and county courts in the area of family law. *See*, Preamble to Rules.

The foregoing authority indicates that the respondent did not err in bringing her suit for contempt or a money judgment by motion and notice of motion.

**2–3.** Appellant argues that Judge Minenko erred by responding to the certificate of removal by ruling that Judge Barbeau could hear only evidence relevant to contempt and only Judge Bowen could hear evidence relative to modification. We conclude that severance of the two matters was not improper, because, contrary to appellant's contention, the record fails to disclose any substantial prejudice occasioned by the bifurcation. However, we agree that the certificate of removal should have been effectuated as to Judge Bowen.

Under Minn.Stat. § 542.16 (1978), a party has a right to have one judge removed upon filing of a notice of removal. In the case of *Wiedemann v. Wiedemann*, 228 Minn. 174, 36 N.W.2d 810 (1949), we commented that judges should readily remove themselves. *Wiedemann* involved a factual situation similar to the present case in that the appellant was seeking modification of a divorce decree and was denied the right to have the judge who originally heard the case removed. Although we approved the district court rule that proceedings to modify a dissolution decree should be heard only by the judge whose order entered the decree, we remanded for reassignment because the rule could have no effect where a timely affidavit of prejudice has been filed.[3] *See, also, Lindberg v. Lindberg*, 282 Minn. 536, 537, n. 2, 163 N.W.2d 870, 871, n. 2 (1969), and *Jones v. Jones*, 242 Minn. 251, 64 N.W.2d 508 (1954). These cases persuade us that appellant's claim for modification must be remanded for reassignment.[4]

Appellant raises numerous claims as to the validity and fairness of the original decree of dissolution and asks this court to order amendment. We decline to do so since the lower court has had no opportunity to consider the issues associated with a modification claim.

**4.** In addition, appellant argues that he was susceptible to being incarcerated if he were found in contempt, and therefore should have been given a jury trial on the contempt issue. While it is true that appellant could have been incarcerated if he had been held in contempt, this court has distinguished between civil and criminal contempt and has held that a jury is required only for criminal contempt cases. *See Peterson v. Peterson*, 278 Minn. 275, 153 N.W.2d 825 (1967); *Hopp v. Hopp, supra.* A jury is unnecessary for a civil contempt case to enforce a dissolution decree.

**5.** Finally, we are unpersuaded by appellant's arguments that there was a clear abuse of discretion on the part of the court in its award of attorneys fees. The trial court has broad discretion in awarding attorneys fees to ensure that a party can protect his or her rights and interests. *Bogen v. Bogen*, 261 N.W.2d 606, 611 (Minn. 1977). Respondent was without means of paying the attorneys fees, and a sufficient record of expenses was made to warrant the amount awarded.

Affirmed as to Judge Barbeau's order, but remanded for reassignment of the appellant's claim for modification.

No attorneys fees occasioned by this appeal are to be awarded to either party.

---

**3.** If the time for a new trial under Rule 59, Rules of Civil Procedure for the District Court, has not expired, an affidavit under Minn.Stat. § 542.16 is not timely. We apply Rule 59 as the concluding cut-off of the original proceedings. *See, State ex rel. Olson v. District Court*, 196 Minn. 56, 263 N.W. 908 (1935), *State ex rel. Pedersen v. Qvale*, 187 Minn. 546, 246 N.W. 30 (1932).

**4.** We expressly note, however, that had one judge already been removed, Minn.Stat. § 542.-16, subd. 2, and *Baskerville v. Baskerville*, 246 Minn. 496, 75 N.W.2d 762 (1956), would have required that appellant make an affirmative showing of prejudice.