Aime L. COADY, Petitioner, Appellant,

v.

Jeannine Mary JUREK, etc., et al., Respondents.

No. C3–84–1877.

Court of Appeals of Minnesota.

April 30, 1985.

Review Denied June 27, 1985.

John E. Trojack, St. Paul, for appellant.

Brian C. Southwell, Minneapolis, for respondents.

Heard, considered and decided by POPO-VICH, C.J., and NIERENGARTEN and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

In a child support order, the trial court found that appellant earned the equivalent of $2,000 net income per month and ordered him to pay, in accordance with the guidelines, $600 per month child support. Appellant brought this appeal. We affirm in part, and reverse and remand in part.

### FACTS

Appellant Aime ("Bill") L. Coady and respondent Jeannine Mary Jurek, who are not married, had two children, Jeannine Aime ViRay, born October 15, 1976, and Alexis Aplonia ViRay, born March 25, 1979.

Appellant commenced an action to determine his parentage on June 6, 1983. He was adjudicated the father of the two children in an order of August 23, 1983, amended by an order of September 26, 1983. Custody of the children was placed with respondent, and appellant was given visitation.

The parties stipulated that any past-due child support would be limited to amounts due from January, 1983, to the present, and that appellant would be given credit for mortgage and utility payments which he made on behalf of respondent, which are in excess of $7,185.46.

Appellant owns a gas station/convenience store and a four-plex, the latter subject to a $50,000 mortgage. Appellant lives in one of the four-plex units. Respondent resides in a home, and receives $250 per month from a renter. She also does some caretaking and other odd jobs. The home in which she resides was purchased by appellant and sold to her on a contract for deed. She must make mortgage and contract for deed payments.

Appellant's adjusted gross income in 1980 was $14,965.18; in 1981, $18,801; and in 1982, $9,556. The only "paper" deductions which he claimed were for depreciation of his four-plex. He argued that his 1982 income, excluding deductions for depreciation, was between $12,100 and $13,000, averaging approximately $1,000 to $1,100 per month. He is willing to pay child support based on this gross figure, rather than a lower net figure.

On March 27, 1984, the court, by a referee, issued recommended findings of fact and order for judgment setting the child support obligations in the parentage action. A finding stated:

> That the Petitioner's net income as defined in Minnesota Statutes § 518.551 derived from the income and benefits of his proprietorship and self-employment at Riverside Service and the income and benefits of his owner-occupied real estate at 1912 Emerson Avenue South, Minneapolis, is found to be the equivalent of $2,000.00 per month.

The referee recommended that appellant pay $600 per month for child support, the recommended guidelines amount, and that he provide comprehensive medical and dental insurance for the children. The referee further recommended that appellant pay $400 as partial attorney fees.

Immediately thereafter, the district court "approved" the findings and order. On April 3, 1984, a judgment decree was entered. On April 10, 1984, appellant filed a notice of review scheduling a hearing before the district court on May 9, 1984. On July 30, 1984, the court issued an order further confirming the referee's order of March 27, 1984. Appellant then filed a notice of appeal covering the court's order of July 30, 1984, and the judgment entered April 3, 1984.

## ISSUES

1. Is the order confirming a referee's order for judgment appealable?

2. Did the trial court err in findings leading to an award of child support?

3. Did the trial court abuse its discretion in its award of attorney fees to the respondent?

## ANALYSIS

1.

The referee's order was approved and judgment was entered prior to the running of the ten days in which a notice of review may be filed under Minn.Stat. § 484.65, subd. 9 (1984). The appeal was taken from that judgment, and from the subsequent order issued by the court confirming the referee's order. The appeal from the judgment was not timely.

We conclude appellant has a right to appeal the final confirmation order and thus obtain review of questions presented to the trial judge. Minn.R.Civ.App.P. 103.03(e).

We recognize that the final confirmation order often resembles an order denying a motion to amend findings or conclusions, a non-appealable order. *See Tompkins v.*

*Sandeen,* 243 Minn. 256, 258, 67 N.W.2d 405, 407 (1954). We have previously recognized, however, that a procedure created by the legislature, ending in an order preventing modification of a judgment, may require a right for appeal under Rule 103.-03(e). *King v. Carroll,* 356 N.W.2d 449, 451 (Minn.Ct.App.1984).

Alternative approaches have been considered, but are unacceptable. We cannot dispute the need determined by the Hennepin County district court to give immediate effect to decisions of referees. *See* Minn. Stat. § 484.65 (1984). Thus, we cannot demand that entry of judgment await the conclusion of trial court review proceedings under section 484.65, subds. 9 and 10.

It is also unacceptable to demand that a party appeal the judgment and forego review by the trial judge. *See Gummow v. Gummow,* 356 N.W.2d 426, 428 (Minn.Ct. App.1984). We encourage parties to exhaust their remedy of review in the trial court before initiating an appeal.

2.

Appellant does not dispute the use of statutory guidelines to determine the amount of child support he owes. However, he takes issue with the trial court's finding that he has $2,000 net monthly income. We must not set aside the finding unless it is clearly erroneous. Minn.R. Civ.P. 52.01.

Appellant states that his income, even including the only "paper" deduction which he has claimed, for depreciation, was between $12,100 and $13,000, averaging approximately $1,000 to $1,100 per month. He is willing to pay child support based on this amount.

■ When measuring income, the trial court can consider "cash flow" in addition to "paper income." In *Vitalis v. Vitalis,* 363 N.W.2d 57, 59 (Minn.Ct.App.1985), an obligor's life-style and cash flow were cited as support for a finding that he had "substantially increased earnings." Similarly, cash flow might bear on income, "periodic payment(s)" in guideline calculations, Minn. Stat. § 518.54, subd. 6 (1984), or on "resources" considered to set support under Minn.Stat. § 518.17, subd. 4 (1984).

■ Here, the trial court found that appellant's guideline income was the "equivalent" of $2,000. However, in this case, the facts are not present which would show appellant has a larger cash flow than his income reports indicate. This is not like *Vitalis,* where the husband had gross income of $119,400, and a negative net income. *Id.* at 58. Appellant acknowledges "paper" deductions for depreciation, which he is willing to forego.

We have also considered the evidence on appellant's past income, and respondent's contentions that he fails to maximize his income producing ability. It is axiomatic that the trial court cannot permit one to manipulate his circumstances, anticipating a dissolution decree, to reduce his ability to pay support. *See Bollenbach v. Bollenbach,* 285 Minn. 418, 428, 175 N.W.2d 148, 155 (1970). The trial court's finding on an "equivalent" to income does not suggest bad faith in appellant's production of income, and we find no evidence to support such a view of the facts.

We reverse and remand for the court to order child support in an amount in accordance with appellant's actual income.

■ Appellant also contends that the cost of the court ordered medical and dental insurance for his children increases his child support obligation beyond the guidelines. The direct cost of such insurance may be deducted from the support if appellant can verify to the trial court the amount he pays for the coverage, and the trial court has not considered this expense in calculating his income. *Scott v. Scott,* 352 N.W.2d 62, 64–65 (Minn.Ct.App.1984).

3.

Appellant also asserts that the trial court erred in awarding respondent attorney fees in the amount of $400. He argues that this award was inappropriate because respondent has earning capacity and because there was no proof of services rendered on the record.

■ Minn.Stat. § 518.14 provides that the court may award attorney fees. Allow-

ance of attorney fees is within the discretion of the court and is permitted when one party is without means to pay for an attorney. *Lappi v. Lappi,* 294 N.W.2d 312, 316 (Minn.1980). The standard of review requires a clear abuse of discretion for reversal. *Id.* There was no such abuse here.

### DECISION

The trial court erred in finding that the appellant has a net monthly income of $2,000. We reverse and remand for recalculation of his income and for redetermination of appellant's child support obligation. The cost of medical and dental insurance should be determined, and included in the amount of child support ordered. We affirm as to the award of attorney fees.

Affirmed in part, reversed and remanded in part.