**In re the Marriage of Howard HANSON, petitioner, Appellant,**

v.

**Evonne Chou HANSON, Respondent.**

**No. C8–85–539.**

Court of Appeals of Minnesota.

Nov. 26, 1985.

Rebecca H. Frederick, Minneapolis, for appellant.

Louis J. McCoy, St. Paul, for respondent.

Heard, considered and decided by RANDALL, P.J. and PARKER and SEDGWICK, JJ.

## OPINION

SEDGWICK, Judge.

This appeal is from a dissolution action. The trial court awarded the wife $21,000 as a cash property settlement, maintenance for 23 months, and $7,000 attorney fees. The husband appeals. We affirm.

## FACTS

Appellant Howard Hanson is a 59 year old semi-retired farmer. He has four adult children from a previous marriage. Respondent Evonne Chou Hanson is a 43 year old citizen of Taiwan. She has two minor children from a prior marriage.

Appellant went to Taiwan in the spring of 1983. While he was there, he ran an advertisement in a local newspaper seeking a bride. Respondent answered the ad; they subsequently met and began dating. They discussed marriage.

Appellant's daughter testified that her father went to Taiwan in search of a Chinese bride because they are trained right and would be grateful just to come to this country. He thought a Chinese wife would make fewer demands than an American.

Respondent came to the United States on a temporary visa in May 1983. She stayed with appellant at his farm for about two weeks. Respondent then left the farm because she and appellant were not getting along.

The parties later resumed contact with each other. They married on July 28, 1983. They executed an antenuptial agreement the morning of their marriage. The trial court ruled that this agreement was unenforceable. The parties do not dispute that ruling.

Respondent returned to Taiwan the day after the marriage to retrieve her children and personal belongings and to settle her affairs in Taiwan. In early November 1983, she and her children began living with appellant at his farm.

The relationship was a stormy one. The parties separated in December and appellant filed for dissolution. They reconciled for a short time, but again separated in early February 1984. Appellant then proceeded with this action.

Appellant's testimony regarding his personal assets was the most conservative es-

timate presented. An analysis of his figures shows a net worth of $797,350. His financial statement attached to the antenuptial agreement shows a net worth of $1,124,000.

Before issuing respondent a visa, the Immigration and Naturalization Service required that appellant sign an affidavit of support. The affidavit was to ensure that respondent would not become a public charge. Appellant's income is represented as slightly over $60,000 on that document.

Appellant's 1983 income tax form shows an adjusted gross income of $34,352. His taxable income, after deductions was $17,040. He testified that he received $31,600 in rental income alone.

Respondent testified that her net worth was about $5,000. Although she had been gainfully employed in Taiwan, she is currently unemployed because of her poor language skills. She is ineligible for federal public assistance programs because of the affidavit of support appellant filed. She would lose face if she returned to Taiwan after such a brief marriage.

The trial court found appellant's net income varied over the last several years from $17,000 to $60,000 "with disposable income in excess of that." The court also found that respondent assisted in accruing some marital assets through her housework and assistance in farming, though no amount was shown.

The court further found that respondent's living expenses were less than $1,200 per month. It found appellant claimed living expenses of greater than $750 per month.

The court awarded respondent maintenance of $900 per month for 12 months, followed by $600 per month for 11 months. In addition, it awarded respondent a cash property settlement of $21,000 from both marital and nonmarital assets. Finally, it awarded respondent $7,000 attorney fees. Appellant challenges all three elements of the award.

## ISSUES

1. Was the trial court's invasion of appellant's nonmarital assets an abuse of discretion?

2. Was the trial court's award of maintenance for 23 months an abuse of discretion?

3. Was the award of $7,000 attorney fees an abuse of discretion?

## ANALYSIS

1. A court may apportion up to one-half of a party's nonmarital property to prevent unfair hardship if it finds:

> [T]hat either spouse's resources or property, including his portion of the marital property * * * are so inadequate as to work an unfair hardship, considering all relevant circumstances * * *.

Minn.Stat. § 518.58 (1984).

If the court invades a party's nonmarital assets, it must make findings in support of the invasion. *Id.* The relevant factors to be considered include the following:

> the length of the marriage, any prior marriage of a party, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, needs, and opportunity for future acquisition of capital assets and income of each party.

*Id.*

■ There are adequate findings to support the invasion of appellant's nonmarital assets. The trial court made specific findings regarding respondent's language skills, her financial needs, and the parties' incomes. Further, respondent's displacement from her native country is a relevant circumstance to be considered.

■ Appellant argues that the trial court improperly considered marital misconduct when dividing the property. *See* Minn. Stat. § 518.58 (1984). We do not agree. The trial court may properly take cognizance of the circumstances surrounding respondent's move to this country in addition to appellant's inducements and representations. Furthermore, the trial court's find-

ings, without consideration of the alleged misconduct, are sufficient to support the property division.

The trial court's findings are supported by the evidence. Invasion of appellant's nonmarital property was not an abuse of discretion.

2. A court may order maintenance:

if it finds that the spouse seeking maintenance:

a) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs, especially during a period of retraining or education, and

b) Is unable to adequately support himself * * *.

Minn.Stat. § 518.552 (1984).

The standard of review on appeal from a trial court's determination of a maintenance award is whether the trial court abused the wide discretion accorded to it. *Erlandson v. Erlandson,* 318 N.W.2d 36, 38 (Minn.1982).

The trial court is to make an award it deems just. *See* Minn.Stat. § 518.552 (1984). All relevant factors are to be considered, including: the financial resources of the party seeking maintenance, his ability to meet his needs independently, the time necessary to acquire training or education, the duration of the marriage, the age, physical and emotional condition of the spouse seeking maintenance, and the ability of the spouse from whom maintenance is sought to meet his own needs while meeting the needs of the other. Minn.Stat. § 518.552, subd. 2 (1984).

■ Although no single statutory factor is dispositive, the court must consider the ability of one spouse to meet his or her financial needs balanced against the financial resources of the other. *Erlandson,* 318 N.W.2d at 39–40. *See also Knott v. Knott,* 358 N.W.2d 493 (Minn.Ct.App.1984).

Application of the statutory factors to this case demonstrates that the trial court's award was not an abuse of discretion. The facts of this case are unusual. Appellant went to Taiwan to find a bride. Respon-

dent immigrated to this country to marry him. She now finds herself in a foreign country unable to speak the language or to support herself. She is unable to return to her native country without personal disgrace. Furthermore, the award is less than the total expenses respondent testified to at trial.

The trial court found appellant's income ranged from $17,000 to $60,000. The $17,-000 figure is a tax figure. Thus, it reflects deductions for depreciation of farm assets and other deductions. In addition, appellant has a substantial net worth.

■ We cannot say that the trial court abused its discretion. This is an unusual case. When the award is viewed in light of all the circumstances it is reasonable.

3. A trial court's award of attorney fees is authorized by Minn.Stat. § 518.14 (1984).

Allowance of attorney fees in dissolution cases rests almost entirely in the discretion of the trial court. An award should not be disturbed absent clear abuse of discretion.

*Deliduka v. Deliduka,* 347 N.W.2d 52, 57 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. July 26, 1984) (citations omitted).

There was no evidence introduced regarding the value of services rendered to respondent. However, the trial court made a finding that it was fairly well apprised of the services rendered.

■ The trial court's award of attorney fees must be based upon either its observation of the services performed or proof of their value. *Ryan v. Bigos Properties,* 351 N.W.2d 680, 681 (Minn.Ct.App.1984). This court recently upheld an award based solely on the trial court's observation of services performed. *See Andersen v. Andersen,* 374 N.W.2d 499 (Minn.Ct.App.1985).

■ It is quite clear that respondent's resources were inadequate to allow her to obtain counsel. The trial court's finding demonstrates an awareness of the amount and value of the services provided. The award was not an abuse of discretion.

## DECISION

Because of the very unusual facts and circumstances of this case, we affirm the trial court's award in all respects.