**In re the Marriage of William M. SAVOREN, petitioner, Appellant,**

v.

**Cecelia SAVOREN, Respondent.**

**No. C4–85–1882.**

Court of Appeals of Minnesota.

April 29, 1986.

David D. Himlie, DuFour & Himlie, P.A., Edina, for appellant.

Loren Gross, Bloomington, for respondent.

Considered and decided by POPOVICH, C.J., and LANSING and HUSPENI, JJ., with oral argument waived.

## OPINION

LANSING, Judge.

This appeal presents the question of the applicability of the Uniform Rules of Procedure for Family Court Dissolution Matters. William Savoren appeals from an order denying his motion for an evidentiary hearing and a reduction in spousal maintenance and awarding Cecilia Savoren $1,000 in attorney's fees. We affirm.

## FACTS

A judgment and decree was entered in 1977 dissolving the parties' marriage. The decree was based on a stipulation in which appellant agreed to pay $350 per month in permanent spousal maintenance.

In December 1984 appellant lost his job. After unsuccessfully seeking new employment, he began his own business. For the

six months before the hearing, his monthly income averaged about $940, considerably less than he obtained from his previous employment.

Appellant moved to reduce his maintenance obligation. The first hearing on the motion occurred on April 25, 1985, and was continued to allow further discovery. The matter was again heard on June 27, 1985, after which the referee made detailed findings. These findings include that appellant received $19,000 from a worker's compensation claim in either 1984 or 1985 and used the money to start an ice cream business with his present wife; that he and his present wife received about $12,000 in income tax refunds in 1985; that appellant deposited $4,000 in IRAs in 1984; that he and his wife were current on their house, cabin, vehicle leasing and charge account payments; and that he has repeatedly stated in his deposition that he "did not know" what his money was being spent on, since his wife handled the checking accounts. The referee denied appellant's motion and ordered him to pay Cecelia Savoren $1,000 in attorney's fees incurred in the proceeding.

Appellant sought review of the order from the district court judge and requested a "full evidentiary hearing" under Uniform Rule of Family Court Dissolution Procedure 6.02. The trial court did not permit oral testimony. The trial court heard the motion and on September 20, 1985, issued an order confirming the referee's order.

### ISSUES

1. Did the trial court err in refusing to grant an evidentiary hearing?

2. Did the trial court abuse its discretion in denying the motion for reduced spousal maintenance or in awarding attorney's fees?

### ANALYSIS

### I

■ Appellant argues that Rule 6.02 of the Uniform Rules of Procedure for Family

1. Rule 6.02 was deleted by the recent revision of the Uniform Rules. The revised rules were adopted by the Minnesota Judges Association on

Court Dissolution Matters (1978) required the trial court to grant a "full evidentiary hearing" on his motion for reduced spousal maintenance. The version of Rule 6.02 in effect at the time of the hearing [1] provided:

If the parties had the opportunity to present evidence in a hearing before a referee, the decision of the judge on review shall be based upon the record thereof, except that additional testimony may be allowed upon review, to promote the ends of justice.

*If the parties did not have the opportunity to present testimony in the hearing before the referee, the court on review shall conduct an evidentiary hearing.*

(Emphasis added). We must determine whether this rule is applicable to the Hennepin County District Court, Family Court Division, which was created by Minn.Stat. § 484.65 (1984).

Minn.Stat. § 480.051 (1984) states:

The supreme court of this state shall have the power to regulate the pleadings, practice, procedure and the forms thereof in civil actions in all courts of this state * * * by rules promulgated by it from time to time.

In addition, § 480.052 (1978) provides that "[b]efore any rules are adopted the supreme court shall appoint an advisory committee * * * to assist the court in considering and preparing such rules as it may adopt." The statutory adoption procedure also allows the participation of lawyers, judges, and their organizations:

Before any rule for the district or municipal courts is adopted, the supreme court shall distribute copies of the proposed rule to the bench and bar of the state for their consideration and suggestions and give due consideration to such suggestions as they may submit to the court. The Minnesota State Bar Association, the

December 6, 1984, and became "effective" upon publication on October 15, 1985.

District Court Judges Association or the Municipal Court Judges Association may file with the court a petition specifying their suggestions concerning any existing or proposed rule * * *.

Minn.Stat. § 480.054 (1978). These statutes are reasonably interpreted as providing only the supreme court with the power to promulgate rules of practice applicable to all the courts of the state, and then only if certain procedures have been followed.

■ While the supreme court has exclusive power to promulgate uniform rules of practice, additional rulemaking power is allowed:

> Any court, other than the supreme court, may adopt rules of court governing its practice; the judges of district courts, pursuant to sections 484.52, 484.33, and the judges of municipal courts, pursuant to chapter 488, may adopt rules not in conflict with the rules promulgated by the supreme court.

Minn.Stat. § 480.055 (1978). Any county court may also adopt rules governing its practice under Minn.Stat. § 487.23, subd. 2. *See also* Minn.R.Civ.P. 83; Minn.R.Civ.P. for Municipal Courts 83.[2] Thus, any court may promulgate rules governing practice *before that court*, but such rules cannot bind other courts unless promulgated by the supreme court.

The Uniform Rules at issue were "[a]dopted by the County Court Judges Association on January 11, 1978, to be effective March 1, 1978." *See* 52 Minn.Stat. Ann. 207, Uniform Rules of Procedure for Family Court Dissolution Matters (West 1980). These rules were not adopted by the supreme court pursuant to Minn.Stat. §§ 480.051, 480.052 and 480.054. Further, since the rules were apparently intended to apply to *all* dissolution actions in every

district and county court, *see* Preamble to Rules, they cannot be fairly characterized as rules adopted by a particular court to govern its practice under § 480.055, subd. 1, or § 487.23, subd. 2. Therefore, we conclude that Rule 6.02 of the Uniform Rules of Procedure for Family Court Dissolution Matters does not apply to the Hennepin County District Court, Family Division.[3]

■ The Special Rules of Practice for the Fourth Judicial District do not specifically address the type of hearing which will be held when reviewing a referee's order. Rule 9.01 of the Special Rules provides that the Minnesota Rules of Civil Procedure for the District Courts apply in family practice before the court. Therefore, the decision whether to allow oral testimony rested in the sound discretion of the trial court under Minn.R.Civ.P. 43.05. *See Saturnini v. Saturnini*, 260 Minn. 494, 110 N.W.2d 480 (1961); *Mathias v. Mathias*, 365 N.W.2d 293, 297 (Minn.Ct.App.1985). The record contained appellant's deposition, answers to interrogatories, financial records, the court file, and arguments of counsel. We find no abuse of discretion in refusing to allow oral testimony in this matter.

## II

■ In order to modify an award of spousal maintenance, Minn.Stat. § 518.64, subd. 2 (1984), requires the moving party to demonstrate *both* a substantial change in earnings *and* unfairness of the existing obligation as a result of the change. *Abbuzahab v. Abbuzahab*, 359 N.W.2d 329, 332 (Minn.Ct.App.1984); *see also Heaton v. Heaton*, 329 N.W.2d 553 (Minn.1983). A separated spouse should share in the hardship resulting from a good-faith career change as if the family had remained to-

---

**2.** The Rules of Civil Procedure for the Municipal Courts govern all actions in county court except those cases in which the county courts have concurrent jurisdiction with the district courts. *See* Minn.Stat. § 487.23, subd. 1 (1984).

**3.** We do not read *Lappi v. Lappi*, 294 N.W.2d 312 (Minn.1980), to require a different result. *Lappi* stated that the Uniform Family Rules

were "intended to apply to both district and county courts in the area of family law." 294 N.W.2d at 315 n. 2. This case did not directly hold that the Uniform Rules actually bound the district courts in dissolution cases. Instead, *Lappi* merely looked to the Uniform Rules for guidance in determining a proper enforcement procedure in a contempt proceeding.

gether. *Giesner v. Giesner*, 319 N.W.2d 718, 720 (Minn.1982).

■ Here the evidence supports the trial court's conclusion that the original spousal maintenance award is still fair. Appellant received $19,000 from a worker's compensation proceeding in either 1984 or 1985, which he invested in his present wife's business. They received tax refunds of about $12,000 in 1985. In addition, he was current on payments for his house, cabin, automobile, and charge accounts. The referee concluded, and the trial court agreed, that appellant's lifestyle had not declined despite the loss of his job. We agree with the trial court that, at least at this time, his career change and decreased earnings have not rendered the initial award unfair.

The trial court's award of attorney's fees to Cecelia Savoren was not an abuse of discretion. *See Hanson v. Hanson*, 378 N.W.2d 28, 31 (Minn.Ct.App.1985) (award of attorney's fees proper if based upon observation of services, including review of file, and financial resources of parties); *Kelly v. Kelly*, 374 N.W.2d 580, 582 (Minn. Ct.App.1985) (same).

### DECISION

Rule 6.02 of the Uniform Rules of Procedure for Family Court Dissolution Matters (1978) does not bind the Hennepin County District Court, Family Court Division. The trial court's refusal to modify spousal maintenance and award of attorney's fees was not an abuse of discretion.

Affirmed.