**Aime L. COADY, Petitioner, Respondent,**

v.

**Jeannine Mary ViRAY, and Jeannine Aime ViRay, a minor, and Alexis Aplonia ViRay, a minor, Appellants.**

No. C7–86–2034.

Court of Appeals of Minnesota.

June 16, 1987.

John E. Trojack, St. Paul, for respondent.

David L. Ramp, Legal Aid Society of Minneapolis, Inc., Minneapolis, for appellants.

Considered and decided by POPOVICH, C.J., and WOZNIAK and LESLIE, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

Jeannine ViRay appeals from an order denying her motion for a new trial or amended findings. The trial court found ViRay was unfit to be the custodian of her two minor children and awarded custody to Aime L. Coady, the father. We affirm.

## FACTS

Jeannine Aime ViRay, now age 10, and Alexis Aplonia ViRay, now age 8, were born to respondent Aime L. Coady and appellant Jeannine Mary ViRay, who are unmarried. Coady was adjudicated the father of the two children by an order dated August 23, 1983. The order granted custody to ViRay with visitation to Coady.

On March 27, 1984 the trial court ordered Coady to pay child support and Coady appealed. This court affirmed in part, but reversed and remanded the matter with directions to recalculate Coady's income and redetermine the child support obligation. *Coady v. Jurek*, 366 N.W.2d 715, 719 (Minn.Ct.App.1985), *pet. for rev. denied*, (Minn. June 27, 1985).

ViRay received notice of the adverse decision and erroneously assumed she would no longer receive support or be able to care for the children. In fact, Coady continued making support payments, though at a lower rate after the remand to the trial court. On July 10, 1985 ViRay took the children and most of their belongings to Coady's home and left them there without giving any prior warning. ViRay told Coady she wanted him to have custody of the children. ViRay had dropped off the children in a similar manner on many other occasions.

Five days later Coady obtained an order awarding him temporary custody until a hearing scheduled for August 28. ViRay took the children back pursuant to an agreed visitation on July 17, but did not

return them as required. Coady and two policemen found ViRay with the children in a local charity dining hall on July 22. The police arrested ViRay and she was incarcerated overnight.

After a temporary custody hearing the trial court awarded temporary custody to ViRay, found both parties were entitled to an evidentiary hearing and ordered a custody study.

The court held an evidentiary hearing to determine custody of the children on May 27, 28 and 29, 1986. Five separate experts testified regarding the fitness of the parents and the interests of the children. The family counselor who completed the custody study recommended a change in custody from ViRay to Coady. ViRay introduced testimony of two psychologists who recommended no change in custody. One testified that ViRay was a model mother because she wanted to stay at home with the children.

All experts who testified agreed it was emotionally harmful to the children to be dropped off at another home with their belongings without prior warning. One psychologist testified that one daughter's needs for attention and affection were not being met. She also stated that the children had unresolved feelings of insecurity and anger surrounding the events of July 1985, and a resulting fear of being abandoned. This psychologist also reported ViRay had problems communicating with the girls and setting limits regarding their behavior and problems with emotional expression, whereas Coady interacts well with the children and is sensitive to their emotional needs.

The trial court modified the prior custody order, awarding custody to Coady with visitation to ViRay. ViRay moved the trial court for a new trial or for amended findings. The trial court denied her motion but did make an additional finding that ViRay was unfit to be the custodian of the children. ViRay appeals this order. She claims the trial court ignored the primary parent presumption of *Pikula v. Pikula,*

374 N.W.2d 705, 710 (Minn.1985) and placed improper emphasis on Coady's superior financial position.

## ISSUE

Did the trial court err in modifying the custody award to grant custody to the father?

## ANALYSIS

In reviewing custody determinations we must decide whether the trial court abused its discretion by making findings unsupported by the evidence or by improperly applying the law. *Pikula v. Pikula,* 374 N.W.2d 705, 710 (Minn.1985). ViRay claims the trial court erred by ignoring the primary parent doctrine as established by *Pikula.*

■ Coady does not dispute that ViRay was the primary caretaker of the children. However, the primary parent analysis does not apply to situations where a prior custody order exists as it would be a foregone conclusion in these situations that the custodial parent is the parent who acts as primary caretaker for the children. Instead of applying the *Pikula* analysis, a party seeking modification in such a case must meet the requirements of Minn.Stat. § 518.18 (1986). When the parents do not agree to a change in custody, the trial court must use a three-part analysis to determine if a modification of custody should be made. Minn.Stat. § 518.18(d) (1986); *see Greenlaw v. Greenlaw,* 396 N.W.2d 68, 71 (Minn.Ct.App.1986).

Initially, the court must find that a change has occurred in the circumstances of the children or their custodian. Next, the court must find that the modification of custody is necessary to serve the best interests of the children. Finally, in applying the first two standards, "the court shall retain the custodian established by the prior order" unless it also finds that either (a) the children have been integrated into the family of the parent requesting a change in

custody with the consent of the custodial parent or (b) the children's present environment endangers their physical or emotional health or impairs their emotional development and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child. Minn.Stat. § 518.18(d) (1986).

██ The trial court must include findings on all three strands of the modification statute. *In re Marriage of Gottenborg*, 343 N.W.2d 674, 676 (Minn.Ct.App. 1984). These findings must be sustained unless clearly erroneous. Minn.R.Civ.P. 52.01.

Here, the trial court made extensive findings on all elements of the modification statute. First, the court found several significant changes in the circumstances of the children and ViRay had occurred since the 1983 order granting ViRay custody. The court noted an increase in conflict between ViRay and Coady regarding money. Also, ViRay was unable to accept Coady's relationship with his fiancee.

██ Next the court found that ViRay's dropping the children off at Coady's many times without advance notice created an environment which impaired the children's emotional health and development. The court also found ViRay had been dedicating substantial emotional resources to her two-year-old child from another relationship, which seemed to affect her interaction with her first two children. This, the court found, was a change in circumstances. Finally, the court noted ViRay's financial situation had deteriorated due to her own inaction because she chose not to seek employment, child support from the father of her two-year old or governmental assistance. The trial court's finding that a change had occurred in the circumstances of ViRay and the children was not clearly erroneous.

██ Next, the court considered several factors in determining the best interests of the children. The ten-year-old daughter had recently expressed a preference to live with her father. The eight-year-old daughter did not express a preference, but disliked the food her mother got from the local charity dining hall. Both girls preferred the clothes their father purchased and allowed them to wear over the clothes their mother obtained for them. Both girls resented their mother's two-year-old child, which they felt commanded much of ViRay's attention.

Also, the court noted that testimony indicated Coady interacts well with the children, is sensitive to their needs and deals with them on the level of their feelings. On the other hand, testimony indicated ViRay had difficulty communicating with the children. The court found the ongoing conflict between the parties was detrimental to the children's mental and emotional health and the environment in ViRay's home unstable and lacking in continuity. The trial court was not clearly erroneous in finding the best interests of the children would be served by a change in custody.

██ Because of these factors and others, the court found the children's present environment endangered their emotional health and impaired their emotional development. The court found the harm likely to be caused by a change of environment was outweighed by the advantage of a change to the children. There is ample evidence in the record to support these findings. Expert testimony indicated the children's emotional development was indeed impaired by their present environment.

██ ViRay claims the trial court placed too much emphasis on the relative financial situations of the parties. However, the record clearly supports the findings of the trial court, most of which are irrelevant to the parties' financial resources.

### DECISION
The trial court did not err in granting custody to Coady.

Affirmed.