Cleary, Chief Judge
This appeal arises from an action brought by appellant Dominium Management Services LLC to evict respondents Seretha Lee, et al., from residential property. The matter was tried before a Hennepin County Housing Court referee. On June 21, 2018, a district court judge confirmed the referee's order, which directed entry of judgment in favor of respondents. On June 21, 2018, the court administrator entered judgment.
On June 29, 2018, appellant filed a timely notice requesting judicial review of the referee's decision under *927 Minn. R. Gen. Prac. 611(a). After a July 26, 2018 hearing, the district court's order was filed on November 8, 2018, affirming the June 21, 2018 order and resulting judgment. On November 21, 2018, appellant filed this appeal.
We questioned whether the November 8, 2018 order is independently appealable and, if not, whether the appeal should be dismissed as filed prematurely, before entry of final judgment. Respondents filed an informal memorandum in which they argued that the November 8, 2018 order is independently appealable and that entry of judgment is not required. Appellant did not file an informal memorandum addressing the appealability of the November 8, 2018 order.
On December 10, 2018, the district court's amended order was filed, affirming the referee's June 21, 2018 order and directing entry of judgment. On December 11, 2018, the court administrator entered judgment pursuant to the order. On December 21, 2018, appellant filed a new appeal (A18-2116) from the December 11, 2018 judgment.
DECISION
Eviction proceedings under chapter 504B are comparable to the summary nature of the former unlawful-detainer proceedings. Fraser v. Fraser , 642 N.W.2d 34, 40 (Minn. App. 2002). Posttrial orders in unlawful-detainer proceedings are not appealable, and the exclusive mode of appeal is from the judgment. Tonkaway Ltd. P'ship v. McLain , 433 N.W.2d 443, 443 (Minn. App. 1988).
In an eviction action, an aggrieved party may, within 15 days, appeal the judgment in the same manner as provided for appeals from civil actions in district court. Minn. Stat. § 504B.371, subd. 2. In this case, judgment pursuant to the referee's confirmed order was entered on June 21, 2018. Appellant did not file a direct appeal from the June 21, 2018 judgment, but instead sought review of the referee's order by a district court judge.
The housing court rules pertaining to Hennepin and Ramsey Counties provide that in all cases except conciliation court actions, a party not in default may seek review by a judge of a decision recommended by the referee (and confirmed by the district court) by serving and filing a notice of review. Minn. R. Gen. Prac. 611(a). The notice must be served and filed within 10 days after an oral announcement in court by the referee of the recommended order or, if there is no announcement of the order in court, within 13 days after service by electronic means or mail of the adopted written order. Id.
Although a party is not required to seek judicial review of the referee's decision, if a party serves and files a proper and timely notice for such review under Minn. R. Gen. Prac. 611(a), the judgment entered on the referee's confirmed order is not a final judgment for appeal purposes. See Coady v. Jurek , 366 N.W.2d 715, 717 (Minn. App. 1985) (holding that it is unacceptable to demand that a party appeal the judgment entered pursuant to the referee's order and forgo review by a district court judge), review denied (Minn. June 27, 1985).
The general rule is that a district court order confirming a referee's decision is an appealable order under Minn. R. Civ. App. P. 103.03(e). Coady , 366 N.W.2d at 717. We have not questioned jurisdiction in previous eviction appeals where judgment was not entered on the district court's order affirming the referee's decision.
If judgment is not entered on the district court's order ruling on the request for judicial review, then it is unclear when *928 the 15-day appeal period under Minn. Stat. § 504B.371, subd. 2, begins to run. Because the judgment entered pursuant to the referee's confirmed order is not a final judgment for appeal purposes if a timely notice for judicial review has been filed, and because in an eviction action the proper appeal is from the final judgment, not from an order, we hold that the district court's order on the request for judicial review is not independently appealable and that the proper appeal is from the resulting judgment.
Our resolution of the ambiguity regarding the appeal period when a party has filed a proper and timely notice for judicial review under Minn. R. Gen. Prac. 611(a) is consistent with Minn. Stat. § 504B.371, subd. 2, which requires that the appeal be taken within 15 days after entry of judgment. In this case and in future appeals, we will dismiss as premature eviction appeals that are filed before entry of judgment on a district court order ruling on a proper and timely request for judicial review under Minn. R. Gen. Prac. 611(a).
Appeal dismissed.